EASTERN DIST.
June, 1835.

STRAWBRIDGE
vs.
TURNER &
WOODRUFF ET AL
to pay it then.
He may pay the
whole sum to
the undertaker,
when it is due,
or when he re-
ceives the work,
unless suit is pre-
viously brought.

---

8L 537
49 493

STRAWBRIDGE vs. TURNER & WOODRUFF ET AL.

APPEAL FROM THE PARISH COURT, FOR THE PARISH AND CITY OF NEW-ORLEANS.

The owners of steam-boats are only liable for the delinquency and illegal acts of their captains and agents, which they might have prevented, and failed to do so.

The liability of principals for the acts of their agents, is not governed by the commercial law, but by the provisions of the *Louisiana* and *Civil Codes.*

This is an action to recover one thousand dollars in damages for the value of a slave, for which the plaintiff alleges the defendants are liable, as owners of the steam-boat Chesapeake.

The petitioner alleges, that the commander of the steam-boat employed by the defendants, took on board a slave named Stephen belonging to him, without his knowledge or consent, and employed him as a hand on a trip to Alexandria and elsewhere, until the 20th December, 1834, when he had the slave arrested on board of the boat, but in endeavoring to escape the latter fell or jumped overboard and was drowned.

68

EASTERN DIST.
June, 1835.

STRAWBRIDGE
vs.
TURNER &
WOODRUFF ET AL

The defendants pleaded the general issue; and further averred, that even if said slave belonged to the petitioner and was lost as is alleged, they are not liable.

On the trial, after introducing testimony, when the cause was about to be submitted, the defendants' counsel moved the court to instruct the jury that "the owners of the boat were not liable, unless they knew of the illegal acts of the officers on board and could have prevented them." 8 *Martin*, *N. S.*, 503–5. This part of the instructions asked for was refused and a bill of exceptions taken.

At the request of the plaintiff, the judge told the jury the owners of steam-boats and vessels were liable for the acts of the master when they could have prevented them, and do not; *i. e.*, unless they use due diligence to prevent them; and it does not suffice to show they were not present at the time of the act; they are bound to give instructions to their agents and to pay reasonable and customary attention to prevent any illegal acts, and for this neglect they are liable.

The jury returned a verdict of eight hundred dollars for the plaintiff. From the judgment rendered thereon, the defendants appealed.

*Strawbridge, in propriâ personâ.*

*Preston,* for the appellants.

*Martin, J.;* delivered the opinion of the court.

The plaintiff instituted his suit against the defendants as owners of the steam-boat Chesapeake, to recover damages for the loss and value, of a negro man slave which he alleges they had employed as a hand on board said boat, without his knowledge and permission. It appears that when the slave was arrested and about to be carried away at the instance of the plaintiff, he jumped overboard and was drowned. There was a verdict and judgment for the plaintiff, from which the defendants appealed.

On the trial of this case the judge *a quo,* was requested by the counsel for the defendants to charge the jury, that the

defendants were not liable for the illegal acts of the officers of the boat, unless done with their knowledge, and which they could have prevented. The judge refused to give the charge as asksd for, and a bill of exceptions was taken.

EASTERN DIST.
June, 1835.

STRAWBRIDGE
vs.
TURNER &
WOODRUFF ET AL.

In the opinion of this court the charge should have been given. The Louisiana Code, article 2299, and the Civil Code of 1808, article 20, page 320–22, restricts "the liability of *principals* for the delinquency and acts of their agents in the functions in which they have employed them, and when the former could have prevented the delinquency and illegal acts of the latter, and have failed to do so." This renders it necessary to remand the cause for new proceedings in the court below.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Parish Court be annulled, avoided and reversed, the verdict set aside and the cause remanded for further proceedings, with directions to the judge to instruct the jury "that no responsibility attaches to the defendants unless they might have prevented the act which occasioned the damages claimed, and have not done it." See *Palfrey* vs. *Kerr et al.,* 8 *Martin, N. S.,* 503–5. And it is further ordered that the plaintiff and appellee pay the costs of this appeal.

The owners of steam-boats are only liable for the delinquency and illegal acts of their captains and agents, which they might have prevented, and failed to do so.

The liability of principals, for the acts of their agents, is not governed by the commercial law, but by the provisions of the *Louisiana* and *Civil Codes.*