**DUNCAN vs. HAWKS ET AL.**

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

DUNCAN
vs.
HAWKS ET AL.

The plaintiff must allege and prove, that the act of the master of a vessel, in taking on board his slave, and employing him as a cook, caused him an injury which the owners could have prevented, but did not, in order to render them liable.

The statute of 1835, making the *owners of vessels* and steamboats liable for the value of slaves, carried out of, or from one part of the State to another, without the consent of the owners, does not apply to a case, where the master merely employs the slave as a cook on board of his vessel in port, for a few days.

The plaintiff alleges, he is the owner of a slave, who absconded, and that the defendant, who is master of the schooner Molaeska, while lying in port, employed his said slave as a cook on board for several days, without his (plaintiff's) knowledge or consent, and to his damage, in the loss of time and diminished value of said slave, in the sum of $1000. He demands, that the defendant be arrested; the owner being also responsible, and residing out of the State, that the vessel be provisionally seized; and that he have judgment for his damages, with privilege on the schooner for the payment thereof.

The owners appeared by counsel, and excepted to the plaintiff's petition, averring that he showed no cause of action against them, nor against the schooner owned by them.

The defendant Hawks, master of the vessel, excepted to the jurisdiction of the court; that the law granted to the criminal court exclusive jurisdiction of such matters; and that this suit is premature and cannot be maintained, because the law does not allow a civil suit for damages, as in this case, unless the same be instituted subsequently to, or at all events concurrently with, the criminal prosecution.

Upon these pleadings and issues, the District Court gave judgment, sustaining the exceptions of the owners; and dismissing the suit as to them; and overruling those of the defendant. The plaintiff appealed.

*Eustis & L. C. Duncan,* in propria persona, for the ap-

pellant, insisted, that the construction given to the statutes, in relation to the transportation and employment of slaves, without the knowledge and consent of their owners, was erroneous, and the judgment should be reversed. 1 Moreau's Dig. 379, 380; Acts of 1839, p. 120; Idem, 1835, p. 152.

*Benjamin,* contra.

*Morphy, J.* delivered the opinion of the court.

The petition charges, that plaintiff's slave, a cook, having absconded from him, was found on the 29th of May, 1839, in the employ of J. B. Hawks, master of the schooner Molaeska, lying in the port of New Orleans, and about to sail for Tampa Bay or New York; that said slave was and had been for some days employed by said Hawks as a cook on board the schooner, and was so employed without the knowledge or consent of the petitioner; and to his damage in the loss of time and the diminished value of his slave, in the sum of one thousand dollars. The petition concludes with a prayer for a provisional seizure of the vessel, to secure his lien on her, and for a judgment *in solido* against her master and owners. To this petition, the defendants filed separate exceptions. The master put in a plea to the jurisdiction of the court, which was overruled; and the defendants demurred to the sufficiency of the matters set forth by plaintiff, as furnishing against them any right of action. This last exception having been sustained, plaintiff appealed.

From the averments in the petition it is clear, that the owners of this schooner are sought to be made liable, not on a contract made by the master in the scope of his powers, but for a tort by him committed, to wit: the receiving and employing of a slave on board, without the consent or knowledge of his master, in violation of our laws. The petition does not allege, that this illicit act, which has caused injury to plaintiff, could have been prevented by the owners, and that they have not done it. Under the repeated adjudications of this court, and a positive provision of our laws, the averment and proof of this

*The plaintiff must allege and prove, that the act of the master of a vessel in taking on board his slave, and employing him as a cook, caused him an injury, which the owners could have prevented, but did not, in order to render them liable.*

EASTERN DIS. circumstance is necessary to render principals accountable for
*May, 1841.* damages, resulting from the acts of their agents. La. Code,
DUNCAN art. 2299; 1 Moreau's Digest, 119 and 121, 379 and 380;
*vs.* 8 Martin, N. S. 504; 8 La. Rep. 537.
HAWKS ET AL.

The statute of The statute of 1835, which is relied on as giving plaintiff a
1835, making the privilege on the schooner, and as establishing the absolute
*owners of vessels* liability of her owners, cannot, in our opinion, be made to ap-
and steamboats
liable for the ply to the case before us. It declares, that if any slave or
value of slaves,
carried out of, or slaves be carried out of this State, or from one part of the State
from one part of to another, without the consent of the owner, in addition to the
the State to an-
other, without remedy already given to the owner of said slave or slaves,
the consent of
the owners, does against the persons mentioned in the act, approved the 13th Fe-
not apply to a
case, where the bruary, 1816, the owner shall be entitled, besides, to sue the
master merely
employs the owners of said steamboat, ship, vessel or other watercraft, and
slave as a cook
on board of his to recover the full value of the slave or slaves so carried away,
vessel in port, with damages, and the said owners shall be considered bound
for a few days.
jointly and severally to make good such claim. See Acts of
1835, p. 152, sec. 1 and 2.

From the express term of this amendment to the law of 1816,
it is clear, that for the greater protection of this species of pro-
perty, the Legislature intended to render absolute and uncon-
ditional the liability of owners of vessels in two cases, to wit:
when a slave is carried out of the State, or when he is removed
from one part of the State to another, leaving, in all other cases,
the law as it stood before' in relation to the liability of such
owners for the acts of their agents, and to the remedies already
given by existing statutes. In the present case, the slave, who
had only been employed on board a few days, was recovered
by plaintiff; the master was undoubtedly liable to him in
damages, independent of the criminal prosecution, to which he
had subjected himself by his unlawful act: as to the owners,
their exception appears to us to have been rightfully sustained.

The judgment of the District Court is therefore affirmed
with costs.