## No. 5419.

### PETER JOSEPH VS. DAVID BIDWELL.

The article thirteen of the constitution of this State does not enunciate a mere abstraction, but it guarantees substantial rights. To facilitate the enforcement of those rights the General Assembly has enacted laws, and it is the duty of courts, when called upon to enforce them. An examination of the evidence in the record satisfies this court that the plaintiff was rudely denied admittance to the theatre solely on account of his being a colored man. He is therefore entitled to damages.

APPEAL from the Fourth District Court, parish of Orleans. *Lynch, J. S. Belden* and *J. Foley,* for plaintiff and appellee. *R. Shackelford* and *A. P. Field,* for defendant and appellant.

LUDELING, C. J. The plaintiff, a colored man, sued the defendant, the proprietor of the Academy of Music, a public theatre in the city of New Orleans, for five thousand dollars damages for refusing to admit him into the theatre after he had purchased a ticket which entitled him to a seat in the parquette of said theatre. The case was tried by a jury, who disagreed, and, under the statute of this State, the court discharged the jury and rendered a judgment in favor of the plaintiff.

We have been unable to discover any thing unconstitutional in the acts of 1870 or 1871 referred to by counsel. The provision of the constitution of the United States which guarantees trials by jury has no application to trials in State courts. This has been repeatedly decided, and is not an open question.

Article thirteen of the constitution declares that "all persons shall enjoy equal rights and privileges upon any conveyance of a public character; and all places of business, or of public resort, or for which a license is required by either State, parish, or municipal authority, shall be deemed places of a public character, and shall be open to the accommodation and patronage of all persons, without distinction or discrimination, on account of race or color."

This article of the constitution does not enunciate a mere abstraction, but it guarantees substantial rights. To facilitate the enforcement of these rights the General Assembly has enacted laws, and it is the duty of courts, when called upon, to enforce them. An examination of the evidence in this record satisfies us that the plaintiff was rudely denied admission to the theatre solely on account of his being a colored man. See Sauvinet vs. Walker and Decuir vs. Benson.

Mr. Justice Taliaferro and I think the amount of damages awarded by the lower court not too high, but as a majority of the court do not agree in this, the judgment will be reduced to three hundred dollars, with interest from the date of the judgment.

It is therefore ordered that the judgment of the lower court be amended by reducing the amount of the judgment in favor of the plaintiff to three hundred dollars, with five per cent per annum from the eighth of June, 1874, and costs of the lower court, the costs of appeal to be paid by the appellee.

TALIAFERRO, J., *concurring.* After a very careful perusal of all the evidence found in the record of this case, I am well satisfied there has been, through the conduct of an agent of the defendant, a wanton violation of a right and privilege secured to the plaintiff by the constitution and laws of this State as well as by the paramount law of the land. I am equally well satisfied that this violation of that right was perpetrated from no other consideration than that the plaintiff is a man of color, and that the personal indignity offered him proceeded solely from the same cause. The violation of the plaintiff's legal right to enter, on the same conditions that all other spectators enter, the place of public amusement managed by the defendant, renders the latter liable in damages to the plaintiff, for the act of the agent under the circumstances of this case must be regarded as the act of the principal. The amount awarded by the lower

court as damages is not exorbitant or .unreasonable. The judgment ought to be affirmed.

WYLY, J., *dissenting*. The defendant, the owner of the Academy of Music, a theatre in the city of New Orleans, appeals from the judgment of the court *a qua* condemning him to pay plaintiff, a colored man, one thousand dollars damages because the latter was rudely refused admittance to the entertainment on Saturday evening, March 7, 1874, by one David Owen, the doorkeeper of said theatre. The ticket which plaintiff presented to the doorkeeper cost one dollar at the ticket office, and the following is a copy:

SPALDING & BIDWELL'S

## ACADEMY OF MUSIC.

### *ADMISSION TICKET.*

CONTRACT

*Between the Managers of the Academy of Music and the Holder of this Ticket:*

It is agreed, and this ticket is sold with the understanding, that the management shall have the right to refuse admission to the holder upon returning the regular price of the ticket.

After being refused admittance by the doorkeeper, plaintiff did not apply to the office for a return of the price of the ticket, and it has not been returned to him.

Defendant, who was at the time sick and knew nothing of the conduct of the doorkeeper on this occasion, was sued a few days thereafter by plaintiff for five thousand dollars damages.

Under article thirteen of the constitution and act No. 38 of the acts of 1869, an act to enforce the same, plaintiff had the same right to enter the theatre as any other citizen, but he had no greater right. The fact that he was a colored man ought not to give plaintiff the right to recover a larger amount of damages against defendant than if he were a white man. The law of the State, as I understand it, in regard to the right to recover for a breach of contract or for damages arising *ex delicto* gives no greater remedy to one class of citizens than to another. If a white citizen may not recover one thousand dollars for a breach of contract, the consideration of which was one dollar, a colored citizen ought not simply because of his color.

If a white citizen could not recover damages *ex delicto* from Bidwell because, like plaintiff in this suit, he failed to allege and prove that defendant could have prevented the damage occasioned by his servant, the

doorkeeper, but failed to do it, plaintiff, a colored man, ought not to recover.

To discriminate in favor of a colored man in administering the law, or in enforcing an obligation arising from a breach of contract or *ex delicto*, would be to destroy that equality before the law which the constitution of 1868 and the recent amendments to the constitution of the United States were intended to accomplish. They were never intended to confer on the colored citizen greater rights than the white citizen is permitted to enjoy.

Viewing the case, therefore, without regard to the color of plaintiff, I think the court erred in condemning defendant to pay one thousand dollars damages because his doorkeeper rudely refused to admit plaintiff to the theatre on Saturday evening, March 7, 1874.

Plaintiff wholly failed to allege and prove that defendant authorized the conduct of the doorkeeper on the occasion referred to, or that he could have prevented the damage but failed to do so.

"Masters and employers are answerable for the damages occasioned by their servants and overseers in the exercise of the functions in which they are employed. Teachers and artisans are answerable for the damage caused by their scholars or apprentices while under their superintendence. In the above cases responsibility only attaches when the masters or employers, teachers and artisans, might have prevented the act which caused the damage and have not done it." Revised Code, 2320.

The same article was in the previous Codes of this State, and has been frequently interpreted by this court. In 1830, in the case of Palfrey vs. Kerr, 8 N. S. 503, which was an action for damages for the acts of an agent or servant, this court held "that plaintiff can not recover, because he has not shown that the defendants could have prevented the acts from which the damages they claim are said to have resulted."

In 1835, in the case of Keene vs. Lizardi, 8 La. 26, this court held that "smart-money or vindictive damages can only be given against the wrong-doer or offender by way of punishment; but not against persons who are only consequentially liable on account of their relation to the wrong-doer, as the principal for the acts of the agent."

In 1840, in the case of Ware vs. Barataria and Lafourche Canal Company, 15 L. 170, this court held that "masters and employers are responsible for the damage occasioned by their servants and overseers in the exercise of their functions, but this liability only extends to cases where the masters or employers might have prevented the act which caused the damage and did not."

In Duncan vs. Hawks, 18 La. 548, and in numerous other decisions, the same ruling was had.

Under the well-settled jurisprudence of the State plaintiff can not

recover against defendant *ex delicto*, because he failed to allege and prove that the wrongful act of the doorkeeper was authorized by the defendant, or that he could have prevented the damage, but failed to do so. Can he recover *ex contractu* or for breach of the contract which arose when he acquired the ticket? It is proved that for many years all tickets have issued for admittance to this theatre with a condition annexed just as the one which plaintiff acquired; that this condition is attached to all tickets that are sold for the theatre owned by defendant. The condition is a part of the contract.

Now the question is, not whether plaintiff was entitled under the article of the constitution and the statute quoted to enter the theatre upon paying the usual price, one dollar, but whether, having purchased a ticket with the condition attached " that the management shall have the right to refuse admission to the holder upon returning the regular price," plaintiff can recover smart-money or vindictive damages against defendant, because the doorkeeper rudely refused to admit him on Saturday evening, March 7, 1874.

If the condition was not in violation of a prohibitory law or against public policy, and I can not see that it is, it is a part of the contract and can not be separated from it; and it must be considered in determining whether there was a breach of contract. It is the law between the parties. The ticket with the condition attached is produced in evidence by plaintiff to show his right to enter the theatre when he was wrongfully denied admittance by the doorkeeper. And upon this contract or rather upon the breach thereof I do not find that plaintiff is entitled to vindictive damages against defendant.

Like the breach of any other contract, he is entitled only to the damages he sustained. The evidence fails to show that he sustained any damages beyond the value of the ticket and the costs of this litigation.

Now, whether Bidwell is entitled to obtain license and conduct a theatre upon issuing tickets as he does is a question not presented in this case. And whether plaintiff had the right under the statute carrying into effect the thirteenth article of the constitution to demand an unconditional ticket, and if refused to claim damages, is also a question not presented in this case.

In the purchase of the ticket with the condition attached plaintiff made a contract with defendant which precludes the idea of vindictive damages for a breach thereof; and if he fails to recover what was not contemplated in his contract he will be without cause to complain.

For the reasons stated I dissent in this case.

———

MORGAN, J., *dissenting.* I think, as the laws now stand, that the plaintiff had the right to occupy the seat in the defendant's theatre which his

ticket called for, and had the defendant been present when the plaintiff's access to the seat was denied him, or had he authorized his employee to refuse to the plaintiff the exercise of his rights, I should agree with the majority as to the amount of damages allowed. But the defendant was not present, and his employee was not authorized by him to act as he did. Still, he is responsible for the illegal act of his employee (who still remains in his employ), and I think he should be made to pay for his illegal and improper conduct. I think a judgment for one hundred dollars would be reasonable and proper.