(March 11, 1889.)

## PEOPLE EX REL. GORMAN v. HAVIRD.

[25 Pac. 294.]

ACTION TO TRY TITLE TO OFFICE—LEGAL, NOT EQUITABLE.—An action under act of January 30, 1885, to try title to an office, to which there are several claimants is one of legal and not of equitable cognizance. The issues in such action or proceeding are legal ones, and the trial of such issues by a jury is a constitutional right of the party.

ACT UNCONSTITUTIONAL.—That part of section 536 of said act providing that actions of this nature "shall be tried by the judge of the district court at chambers," and without the intervention of a jury," held, to be unconstitutional and void.

(Syllabus by the court.)

APPEAL from District Court, Boise County.

George Ainslie, for Appellant.

Appellant insists, however, that "the provision of the federal constitution which secures to every party, where the value in controversy exceeds twenty dollars, the right of trial by jury does not apply to trials in the state courts," and by parity of reasoning to trials in the territorial courts which are not United States courts. (*Edwards v. Elliott,* 21 Wall. 532-558, and authorities cited; *Pearson v. Yemdall,* 95 U. S. 294-296; *Homebuckle v. Toombs,* 18 Wall. 648, 657; *American Ins. Co. v. Canter,* 1 Pet. 511; *Joseph v. Bidwell,* 28 La. Ann. 382, 26 Am. Rep. 102.) In a case of information in nature of *quo warranto,* even a jury to try disputed questions of fact cannot be demanded as a matter of right. (*State ex rel. Norton v. Lupton,* 64 Mo. 415, 27 Am. Rep. 253, and authorities cited; High on Extraordinary Legal Remedies, secs. 603, 617, 637, 743.) In Illinois the statutory proceeding is held to be to all intents

and purposes a chancery proceeding. (*Dale v. Irwin,* 78 Ill. 170; *Dickey v. Reed,* 78 Ill. 262-270; *State v. Smith,* 26 Ohio St. 216; McCrary on Elections, 2d ed., 254, 285.) The mode of contesting an election being provided by statute is a special proceeding, and there can be no jury in such proceeding unless it is provided in the statute. (*Dorsey v. Barry,* 24 Cal. 449, 452-454.)

Huston & Gray, for Respondent.

We raise the question *in limine* here, as we did in the court below, that said court had no jurisdiction to hear, try and determine said action at chambers. Such power is attempted to be conferred by the act of the Thirteenth Session, but we submit, that said act is in conflict with the provisions of article 7 of the amendments to the federal constitution in this, that it deprives the parties of the right of trial by jury in a suit at common law, where the value in controversy exceeds twenty dollars. (Laws, 13th. Sess., p. 77; 3 Blackstone' Commentaries, 263; *Territory v. Lockwood,* 3 Wall. 236; 5 Bacon's Abridgment, 174; *Parsons v. Bedford,* 3 Pet. 433; *Webster v. Reid,* 11 How. 437.) If a new trial can be granted in this case upon the showing made, the litigation herein will perforce be interminable, for just so often as either party can, or thinks he can, show an illegal vote upon the other side, the case must be opened for a new trial. (*O'Leary v. Reed,* 30 Kan. 749, 2 Pac. 114; *Briswalter v. Palomares,* 66 Cal. 259, 5 Pac. 226; *Reed v. Drais,* 67 Cal. 491, 8 Pac. 20; *Bailey v. Landingham,* 52 Iowa, 415, 3 N. W. 460; *Hickenbottom v. Chicago etc. Ry. Co.,* 57 Iowa, 704, 11 N. W. 652; *Morrow v. Chicago etc. Ry. Co.,* 61 Iowa, 487, 16 N. W. 572; *Schreckengast v. Ealy,* 16 Neb. 510, 20 N. W. 853; *Steinbach v. Columbia Ins. Co.,* 2 Caines, 129.)

BERRY, J.—This action is under an act of the territorial legislature of Idaho, passed January 30, 1885, being sections 534-542, inclusive, of the Code of Civil Procedure, and its purpose is to try the title of the respondent to the office of sheriff of Boise county. It has the usual provisions for obtaining jurisdiction of the parties, the formation of issues by pleading,

the trial of the issues, and the rendition of judgment, with the further privilege of appeal to this court. The proceeding is called by the act an "action," and it is so treated by both parties, and it must be so considered for the purposes of this appeal. Its purpose, however, is to attain the end reached by a writ of *quo warranto* at common law, or a writ of right for the king, against him who improperly claimed or usurped an office. Such a writ is not suited to our form of government, and in America it has fallen into disuse, and statutory proceedings in the nature of a writ of *quo warranto* have, in most of the states, if not all, taken its place. Those statutes vary in the extent of the remedy which they furnish; some, as in Alabama (Ala. Stats., Feb. 3, 1840, sec. 4), make of the court a mere inquisition to ascertain the regularity of the election. These have been held not to confer judicial power upon the court, as in a suit at common law; hence, that exercise of the right to hear and decide is rather in the character of supervisor of elections, and does not require the intervention of a jury. In other states this statutory proceeding has approximated more nearly in its scope to the writ of *quo warranto;* still retaining the criminal form of that writ, but using it as a civil remedy only. In our own territory our legislature has gone much further, and includes within its act the full scope of an information in the nature of a writ of *quo warranto,* including its criminal features and power to punish. Such information in the nature of a writ of *quo warranto* was properly a criminal method of prosecution, as well to punish the usurper by a fine for the usurpation of the franchise as to oust him, or seize the office for the crown. (Paine on Elections, 710.) This law not only provides for supervision of elections and the correction of errors, but it goes further, and places in the court unmistakable judicial powers. Section 541 provides "that when a defendant, against whom such action has been brought, is adjudged guilty of usurping or intruding into, or unlawfully holding, any office, franchise, or privilege, judgment must be rendered that the defendant be excluded from the office, franchise, or privilege, and that he pay the costs of the action. The court or the judge may also, in its or his discretion, impose upon the defendant a fine not exceeding $2,000 dollars." Here are questions not merely

as to regularity of an election, but also as to personal guilt or
innocence, followed by pecuniary consequences of no small mo-
ment.   It aims not only at a civil remedy, but also at a criminal
trial, personal punishment, and pecuniary fine and loss.   The
act of willful intrusion into a public office, to which one has not
been elected, is declared to be a misdemeanor.   (Idaho Rev.
Stats., sec. 6388.)

The section of the act in question, under which the district
judge, at chambers, assumed jurisdiction, and tried this case, is
section 536 of the act 1885, providing, among other things:
"And such action shall be heard and determined by the judge of
the district court at chambers and without the intervention of
a jury, after due service of the summons, and the expiration
of time allowed by law for answering the complaint in a civil
action; but no judgment shall be rendered in such action by de-
fault."   This is an essential provision of the act, and without
which the other provisions are inoperative.   If this is unconsti-
tutional, as the respondent claims, the remedy under the act
fails.   This objection was taken by the respondent before the
answer was filed.   His exceptions to the ruling were then and
there settled by the judge, and are incorporated as a part of
the statement of the case on appeal.   The respondent still
stands upon such objection and exceptions in this court.   It is
true that the court, upon the hearing, found for the defendant,
and that the defendant does not appeal.   Yet it is not easy to
see, if the objection was valid when it was taken, how his fail-
ure to appeal from a finding in his favor, where he has all
along, and on the appeal, insisted on his objection, should be
construed as a waiver of his exception.   If, indeed, in any case,
it might be so waived, it cannot be so in this case; for the
objection goes to the jurisdiction of the court, to the validity
of the statute, and not merely to an irregularity.   That is not
subject to such waiver.   If that part of the act is void, the ob-
jection may be made at any time, even on appeal.   The grounds
on which it is urged that this provision is unconstitutional are
(1) that it denies the right of trial by jury; (2) that it creates
a tribunal unknown and unauthorized by the laws.   Section
1868 of the Revised Statutes of the United States, as amended
April 7, 1874, prescribing and limiting the powers of territorial

legislatures, provides that "no party shall be deprived of the right of trial by jury in cases cognizable by the common law." Again (U. S. Const., art 3, sec. 2), "the trial of all crimes, except in cases of impeachment, shall be by jury." Again (U. S. Const., art. 5, Amend.), "no person shall be deprived of life, liberty, or property without due process of law." And again (U. S. Const., Amend. 7), "in suit at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved." There seems to have been a disposition in some states, under their own constitutions, to evade these provisions, whether of the United States or state constitutions, or such of them as clearly affect this case. Some courts have gone so far as to deny squarely that proceedings of this nature are of legal, instead of equitable, cognizance. A Missouri case (*State v. Lupton,* 64 Mo. 415, 27 Am. Rep. 253), so holds. But this case is met by the New York court of appeals in *People v. Railroad Co.,* 57 N. Y. 161, in which case the court holds that an action in the nature of a *quo warranto,* brought by the attorney general, in the name of the people of the state, to try the title to a corporate office, to which there are several claimants, is one of legal and not equitable cognizance; that the issues therein are strictly legal ones; and that the trial of such by a jury is the constitutional right of the parties. The constitutional guaranty of the right of trial by jury in that state goes no further than the provisions of the federal constitution and the act of Congress cited, section 1868, as amended, and made especially to apply to our territorial legislature. Nor can the territorial legislature pass any law in contravention of the constitution or the laws of the United States. (U. S. Rev. Stats., 1851.) In other cases, as in the state of Illinois, the statute itself only confers a supervisory power over the regularity of the election, and does not at all apply to much of the ground covered by the statute of Idaho. A Louisiana court, in *Joseph v. Bidwell,* 28 La. Ann. 382, 26 Am. Rep. 102, holds that the federal constitution in that respect can have no application to the state courts. Perhaps, as Louisiana is a sovereign state, that claim may be sustained. Other cases cited by the appellant hold the same. But we are not called upon to discuss that question. Idaho is not a state, but is a territory of the

United States, and in all things subject to the constitution of the United States and the laws of Congress. Section 1868 of the United States Revised Statutes, as amended, seems to meet this case, and is conclusive. Even were this otherwise, and the question arose under the common law, which is adopted in this territory (Rev. Stats., sec. 18), the weight of authority is in favor of the construction given by the New York court of appeals in the case in that state above cited, but arising under the state constitution. (See, also, *Reynolds v. State,* 61 Ind. 392; *People v. Van Slyck,* 4 Cow. 297; *People v. Ferguson,* 8 Cow. 103.) But it is contended by the appellant that, if the issues here are triable by jury, and the objection was or is properly taken, and for that reason the judgment should be reversed, still a new trial should be granted. The answer to this may be that the proceedings in the court below were under the act in question, and, if wrong, it is because that part of the act on which they are based is invalid, and no valid judgment could be had; that, while the action in its present form cannot proceed, amendment changing its nature and purpose is not authorized by law. We are not called on to decide that point. There is no intimation of a purpose to amend or change the proceeding in any way, even if allowable. The term of office of the defendant expired in January, 1889, and we see no purpose which could now be reached by any proceeding of this nature. All that part of section 536 of the act entitled " An act to amend chapter 35 of the Code of Civil Procedure, being sections 534 to 542, inclusive," approved January 30, 1885, beginning at the words "and such action," in the fourth line thereof, to and including the words "in a civil action," in the eighth line thereof, must be declared unconstitutional and void, and the judgment herein must be reversed.