[No. 13534.  In Bank. — February 1, 1890.]

J. M. WOODS, Respondent, *v.* W. S. VARNUM, Appellant.

Summary Removal of Officer — Filling of Vacancy — Appeal — Stay of Proceedings. — The provisions of section 770 of the Penal Code, that until a judgment of removal from office is reversed the defendant is suspended from his office, and that, pending an appeal, the office must be filled as in case of a vacancy, are applicable to proceedings under section 772 for the removal of officers by summary proceedings, and the appeal from a judgment of removal in such a proceeding does not operate as a *supersedeas*.

Id. — Construction of Code. — The provisions of chapter 2 of part 2, title 2, of the Penal Code, concerning "the removal of civil officers otherwise than by impeachment," must prevail as to all matters and questions arising out of the subject-matter thereof over any provision of law in any other title of the code, or in any statute which conflicts with or contravenes the provisions of that chapter.

Application to the Supreme Court for a *supersedeas* pending an appeal from a judgment of the Superior Court of San Diego County.

The facts are stated in the opinion of the court.

*Luce, McDonald & Torrance,* and *Mulford & Hammack,* for Appellant.

*James L. Copeland,* and *Hunsaker & Britt,* for Respondent.

Paterson, J.—This is a proceeding based upon the provisions of section 772 of the Penal Code, for the removal of the defendant from the office of tax collector in and for the county of San Diego. The judgment was entered on October 2, 1889, depriving defendant of his office, and on the same day an appeal was taken therefrom to this court, and an undertaking in due form and with sufficient sureties was filed. On October 5th, following, the board of supervisors appointed Henry Weineke to fill the vacancy caused by the removal of defendant, and on October 7th the court below made an order directing the sheriff to put Weineke in possession of the office. A writ for the execution of this order was issued accordingly, and on October 7th the sheriff made return showing that he had installed Weineke. in the office of tax collector. On October 21, 1889, the appellant submitted a motion in this court for an order directing the court below to stay all proceedings herein during the pendency of the appeal. The motion is made upon the ground that the appeal which has been perfected operates as a *supersedeas* of all proceedings in the court below, and that the order of the court directing the sheriff to remove appellant and deliver possession of the office to Weineke is void.

Section 770 of the Penal Code provides that "from a judgment of removal, an appeal may be taken to the supreme court in the same manner as from a judgment in a civil action; but until such judgment is reversed, the defendant is suspended from his office. Pending the appeal, the office must be filled as in case of a vacancy."

We think that this provision is applicable to proceedings under section 772, which provides for the removal of public officers by summary proceedings. Both sections are in chapter 2 of part 2, title 2, of the Penal Code, which provides for "the removal of civil officers otherwise than by impeachment." If there be any pro-

vision of law in any other title of the code, or in any statute which conflicts with or contravenes the provisions of this chapter, the latter "must prevail as to all matters and questions arising out of the subject-matter" thereof.   (Pol. Code, sec. 4481.)

In the case of *Covarrubias* v. *Board of Supervisors*, 52 Cal. 622, relied on by appellant, the statute under consideration was the act of March 30, 1874, providing for the removal of civil officers, which contained no provision with respect to appeals.   The court there said that the proceeding was one "had under the provisions of the act of March 30, 1874, and not under the provisions of the Penal Code." (Sec. 772.)   In view of the fact that the question before the court in that case was whether the perfecting of an appeal operated a *supersedeas*, the above remark of the court is significant, and indicative of an opinion that if the proceeding had been one under section 772 the appeal would not have operated a *supersedeas*.

Motion denied.

McFARLAND, J., SHARPSTEIN, J., and THORNTON, J., concurred.

Fox, J., concurring. — I concur in the order denying the motion, for the reason that it would be a vain act now to grant the motion; but do not express any opinion as to whether or not the provisions of section 770 of the Penal Code apply to proceedings had under section 772.

BEATTY, C. J., dissented.