[No. 14762.   Department One. — February 25, 1893.]

E. CROSSMAN, APPELLANT, v. H. G. LESHER, RE-
SPONDENT.

MISCONDUCT IN OFFICE — PROCEEDING FOR REMOVAL — CONSTRUCTION OF
PENAL CODE — ACCUSATION BY PRIVATE PERSON — GRAND JURY. — Sec-
tion 889 of the Penal Code, providing that "when the proceedings are had
for the removal of district, county, municipal, or township officers, they
may be commenced by an accusation or information, in writing, as pro-
vided in sections 758 and 772," does not authorize a private individual
to commence a proceeding to remove any such officer from his office be-
cause of willful misconduct in office, other than that mentioned in sec-
tion 772 of the Penal Code, but such proceeding must be commenced
by accusation presented by a grand jury, as provided in section 758 of
the same code.

APPEAL from a judgment of the Superior Court of
San Bernardino County.

The facts are stated in the opinion of the court.

*Harris & Gregg*, and *Ezra Crossman*. for Appellant.

*R. E. Bledsoe, Rolfe & Freeman*, and *Hargrave & Bled-
soe*, for Respondent.

PATERSON, J. — The charges of the plaintiff in his ac-
cusation filed herein are of the same nature as those
referred to in *Crossman* v. *Kenniston, ante*, p. 379.   By
the accusation, the plaintiff herein sought, as in the
Kenniston case, to remove the defendant from his office
as city trustee.   The matter was heard before another
department of the superior court.   Judgment was en-
tered in favor of defendant for his costs, and plaintiff
has appealed.

Counsel for appellant herein — counsel for respond-
ent in Crossman v. *Kenniston, ante*, p. 379 — rely upon
a proposition not presented in the other proceeding.
They claim that, under section 889 of the Penal Code,
plaintiff is authorized to commence and prosecute this
proceeding.   That section reads as follows: " When the
proceedings are had for the removal of district, county,

municipal, or township officers, they may be commenced by an accusation or information, in writing, as provided in sections 758 and 772."

We see no merit in this contention. The section referred to simply provides that proceedings for removal of public officers may be commenced by either an accusation or an information, as provided in sections 758 and 772. Section 772 provides for proceedings in the superior court upon an accusation, in writing, filed by any person against any officer, for "charging and collecting illegal fees for services rendered, or to be rendered, in his office," or neglect "to perform the official duties pertaining to his office." It is not claimed in this case that the defendant charged or collected illegal fees, or that he has refused or neglected to perform any official duty. The accusation charges the defendant with an entirely different kind of misconduct in office. When the proceedings are for any willful or corrupt misconduct in office, other than such as are mentioned in section 772, they must be commenced by accusation presented by a grand jury, as provided in section 758. It is only when the misconduct complained of consists in charging and collecting illegal fees, or failure or neglect to perform the official duties imposed upon the officer by law, that the prosecution may be had upon the complaint of an individual.

Judgment affirmed.

GAROUTTE, J., and HARRISON, J., concurred.