(February 5, 1894.)

## RANKIN v. JAUMAN.

[36 Pac. 502.]

INFORMATION—REMOVAL FROM OFFICE.—When the legal sufficiency of the information presented under section 7459 of the Revised Statutes of 1887 is questioned, it is sufficient if the grounds of the objection thereto are intelligibly presented in writing. The name given to the written objections is not material.

JURISDICTION—CONSTITUTIONAL LAW.—The constitution makes provision for and prescribes the proceeding for the removal or impeachment of state officers for certain misdemeanors, and by section 7459 of the Revised Statutes the legislature has provided for the removal of certain civil officers for the causes named in said section, and have then prescribed the proceedings for the summary removal of those officers who come within its provisions.

SUMMARY REMOVAL OF CIVIL OFFICERS.—There is no inhibition in the constitution of Idaho prohibiting the legislature from providing a proceeding and tribunal for the summary removal of all civil officers whose removal is not provided for by the constitution for misdemeanor, incompetency or corruption in office.

DUE PROCESS.—Section 7459 provides due process of law for the removal of the officers therein named for the offenses therein designated.

POWER OF LEGISLATURE.—The exigencies of government require the prompt removal of corrupt or unfaithful officers, and the legislature of this state, under the constitution, has full power to provide for summary removal of such officers.

SECTION 7459 CONSTRUED.—Said section 7459 is not in conflict with the constitution, and does not violate the constitutional provision which requires an information or indictment and trial by jury in criminal cases.

SAME.—The proceeding under said section is not a criminal proceeding, and is not intended for punishment, but is intended to protect the people from corrupt officials.

(Syllabus by the court.)

APPEAL from District Court, Ada County.

Hawley & Reeves, for Appellant.

The court should not have considered the motion made by defendant to dismiss, for the reason that such a motion is unknown in our practice and unwarranted by our statutes. This being a special proceeding, the rules of practice applicable to civil actions constitute the rules of practice in this case. (Rev. Stats., secs. 4955, 4956, 5005.) A motion to dismiss an action may be made after service in certain specified cases. (Rev. Stats., sec. 4354.) This is not one of them. The citation made necessary by section 7459 is to all intents and purposes a summons. A motion to dismiss or quash summons is allowable in certain cases. (*Southern Pac. R. R. Co. v. Superior Court,* 59 Cal. 471; *Kent v. West,* 50 Cal. 185.) But here the motion is to dismiss the complaint. A dismissal of an action is in effect a final judgment in favor of the defendant, and final decision of the action. (*Leese v. Sherwood,* 21 Cal. 151; *Homer v. Brown,* 16 How. (U. S.) 354; *Higgins v. Mahoney,* 50 Cal. 444.) The facts stated are sufficient to constitute an action under section 7459. That section allows the action to be maintained whenever the officer accused has been guilty of charging and collecting illegal fees. The information charges defendant with having charged and collected, as county commissioner, pay for ninety-six days' services as such commissioner during the first quarter of the year 1893, when in truth he had rendered not to exceed seventeen days' service; and of charging and collecting mileage for four hundred and thirty miles' travel, when in fact he had not traveled any number of miles on county business, and of charging said mileage at the rate of forty cents per mile, when the law only allowed twenty cents per mile; and of doing all this corruptly.

We contend that under the California decisions, upon an identical statute, the facts stated are sufficient, unless the act is unconstitutional. (*In re Marks,* 45 Cal. 199; *Triplett v. Minter,* 50 Cal. 644; *Smith v. Ling,* 68 Cal. 324, 9 Pac. 171; *Fraser v. Alexander,* 75 Cal. 147, 16 Pac. 757; *Woods v. Varnum,* 83 Cal. 47, 23 Pac. 137; *In re Stow,* 98 Cal. 587, 33 Pac. 490.) Under the former constitution of California, the district courts were not given the power to issue writs of *mandamus,* etc., but the supreme court said such power attached to them as courts. (*Courtwright v. Bear River Co.,* 30 Cal. 573; *Perry v. Ames,* 26 Cal. 372.) But is this a proceeding in contravention of the common law? The object of this form of action is to oust an officer for willful and corrupt misconduct in office. Although the incumbent of a public office has a property right in it, yet the office itself is a public trust and is conferred not for his benefit, but for the benefit of the political society. (Cooley on Torts, 375; *Beebe v. Robinson,* 52 Ala. 66; *Ex parte Lambert,* 52 Ala. 79.) The whole law-making power of the state, not expressly or impliedly withheld, has been by the constitution committed to the legislature. (Cooley's Constitutional Limitations, 106; *People v. Draper,* 15 N. Y. 532.) It is not, therefore, a civil action as defined by section 1 of article 5, nor is it a criminal action as defined by said section. The action is penal in its nature, but that does not make it a criminal action, as penal is not criminal when an action is referred to. (18 Am. & Eng. Ency. of Law, 268, and note 4; *St. Louis etc. Ry. v. State,* 56 Ark. 166, 19 S. W. 573; *State v. Indiana etc. Ry. Co.,* 133 Ind. 69, 32 N. E. 817, 18 L. R. A. 502.) We look in the constitution of the United States for grants of legislative power, but in the constitution of the state to ascertain if any limitations have been imposed upon the complete power with which the legislative department of the state was vested in its creation. (Cooley's Constitutional Limitations, 207.)

George Ainslie and W. E. Borah, for Respondent.

This is a proceeding under the provisions of section 7459 of the Revised Statutes, to remove from the office of county commissioner of Ada county the respondent. The motion to dis-

miss has been recognized as proper in this proceeding by the
supreme court of California. (*In re Smith v. Ling,* 68 Cal.
324, 9 Pac. 171; *In re Grove,* 61 Cal. 438; *Hallock v. Jaudin,*
34 Cal. 173; *Tootle v. French,* 3 Idaho, 1, 25 Pac. 1091.)
This act was designed to afford a remedy of a summary char-
acter against office holders who were guilty of extortion or
neglect in the performance of official duty. (*In re Marks,* 45
Cal. 199; *Lydick v. Palmquist,* 31 Neb. 300, 47 N. W. 918;
*Phoenix Ins. Co. v. Bohman,* 28 Neb. 251, 44 N. W. 111;
*Cobbey v. Burke,* 11 Neb. 157, 38 Am. Rep. 364, 8 N. W. 386;
*Triplett v. Munter,* 50 Cal. 644; *Graham v. Kibble,* 9 Neb. 182,
2 N. W. 455; *Coats v. Wallace,* 17 Serg. & R. 75; *Shattuck v.
Wood,* 1 Pick. 171; *Commonwealth v. Beagle,* 7 Pick. 279;
*Hays v. Stewart,* 8 Tex. 358; *Crossman v. Lesher,* 97 Cal.
382, 383, 32 Pac. 449; *Dunlap v. Curtis,* 10 Mass. 210; *United
States v. Harned,* 43 Fed. 376; *Runnells v. Fletcher,* 15 Mass.
525.) The leading rule for the construction of statutes is to
ascertain the intention of the legislature in enacting the
statute, and the intent, when ascertained, will prevail over the
literal sense. (*State v. Ross,* 20 Nev. 61, 14 Pac. 827; *Thorpe
v. Schooling,* 7 Nev. 15.) In interpreting the statutes, the
primary object is to ascertain the intent of the legislature, and
while the title forms no part of the law, it will be referred to
to ascertain that intent. (*Johnson v. Squires,* 55 Cal. 103;
*Barnes v. Jones,* 51 Cal. 303; *Weed v. Maynard,* 52 Cal. 459.)
The right of trial by jury shall remain inviolate. (Idaho
Const., art. 1, sec. 7, art. 21, sec. 20.) There is nothing in
the case which, in either branch of it, offers ground for equi-
table jurisdiction, and when that is the case, the right of trial
by jury is absolute and cannot be denied. (*Fire Department of
New York v. Harrison,* 2 Hilt. 455; *Enderman v. Ashley,* Sneed
(Ky.), 53; *Willis v. Legris,* 45 Ill. 289; *State ex rel. McCalla
v. Burnsville,* 97 Ind. 416; Idaho Const., art. 1, sec. 2; *State
v. Jackson,* 46 Ark. 137; *State v. Brisco,* 80 Mo. 643.) It is
well settled that every removal from office for wrongdoing is,
in law, a punishment for crime. (*Dullam v. Willson,* 53 Mich.
392, 51 Am. Rep. 128, 19 N. W. 112, 124; *Regina v. Marshall,*
30 Eng. L. & Eq. 204; *Barker v. People,* 3 Cow. 686, 15 Am.
Dec. 322.) Corrupt misconduct in office was a well recognized

common-law crime. (Russell on Criminal Law, 14; 1 Bishop's Criminal Law, 459; *Regina v. Mayor,* 2 Jur. 64.) Under our constitution, officers can only be removed by impeachment. The constitution makes no provision for any such proceedings as are attempted to be had there. It might have created a special tribunal, or authorized them to have been created. It has not done so. (*Dullam v. Willson,* 53 Mich. 392, 51 Am. Rep. 128, 19 N. W. 112; Const., art. 5, secs. 2, 20; *In re Mark,* 45 Cal. 199; *State v. Gilmore,* 20 Kan. 551, 27 Am. Rep. 189.)

SULLIVAN, J.—On the ninth day of December, 1893, W. A. Rankin filed in the district court of Ada county an accusation in writing, duly verified, alleging that the defendant, William Jauman, has been since the second day of January, 1893, a member of the board of county commissioners of Ada county, duly elected, qualified, and acting as such; that the defendant has at various times since said second day of January, 1893, while acting in his capacity as a member of said board, knowingly, willfully, and corruptly, charged illegal fees for services rendered, and pretended to have been rendered, while so acting; and that on the sixteenth day of January, 1893, the defendant presented to said board, for allowance, his bill for services rendered from and including the second day of January, as such commissioner, for fourteen days' service, at six dollars per day, amounting to eighty-four dollars, and for fifty miles traveled as such county commissioner, at forty cents per mile, amounting to twenty dollars—amounting, in the aggregate, to $104—which bill was allowed, and thereupon collected and appropriated by said defendant to his own use. The further accusation is made, on information and belief, that said board had a corrupt understanding and agreement whereby they were to allow excessive and fraudulent bills in favor of each member thereof, and that said bill was allowed in pursuance thereof. It is also alleged that said services and mileage were not rendered and performed as stated in said bill, and that, at the time said bill was presented and allowed, said defendant had rendered not to exceed ten days' service for said county, and had not traveled any distance whatever in the transaction of the business of said county;

that the mileage allowed by law was twenty cents per mile, and not forty cents, as charged and collected. It is further alleged that on the tenth day of April, 1893, the said defendant presented his bill for services rendered as a member of said board, for eighty-two days' service, from and including the sixteenth day of January, 1892, at six dollars per day, amounting to $492, and for three hundred and eighty miles traveled, at forty cents per mile, amounting to $152—making a total, for per diem and mileage, of $644; that said bill was allowed by said board, and was collected and appropriated by said Jauman for his use and benefit. The allegation in regard to the allowance of said claim by or through a corrupt understanding between the members of said board is made to this bill, the same as to the preceding one. It is also alleged that said last-mentioned services and mileage were not rendered or performed as stated in said bill, and that, at the time said bill was presented and allowed, said defendant had rendered not to exceed seven days' services for said county, and had not traveled three hundred and eighty, or any number of miles, whatever, in the transaction of county business; that the information is made under the provisions of section 7459 of the Revised Statutes of 1887, and the complainant is entitled to judgment against defendant for the sum of $500—and prays that defendant be cited to appear, and a hearing had, and defendant be removed from said office, and that judgment be entered in favor of complainant, against defendant, for the sum of $500, and costs of this proceeding. The defendant appeared, and filed his motion to dismiss and set aside the information, on the following grounds: 1. Because the court had no jurisdiction to hear and determine the matters set forth in said information; 2. Because the acts and conduct alleged in said information are not such acts and conduct as for which an officer can be removed, under section 7459 of the Revised Statutes; 3. Because the provisions of said section are unconstitutional and void; 4. Because said section has been repealed by the constitution of Idaho; 5. Because the facts alleged are not sufficient to constitute a cause of action for the removal from office under any law of the state. The appellant moved to strike said motion to dismiss from the files, which motion was denied by the court. Thereafter, the motion of de-

fendant to dismiss and set aside the information was sustained by the court on all of the grounds stated therein, except the fourth. Thereupon, judgment of dismissal was entered, and this appeal is taken therefrom.

Two errors are assigned. The first is that the court erred in denying plaintiff's motion to strike defendant's motion to dismiss from the files.

In a case where the information fails to state a cause of action, by reason of the facts not being sufficiently set forth, a demurrer should be interposed; for, if the demurrer is sustained, the party may amend, if he so desires, and can. In a case where the information could not be so amended as to state a cause of action, or the court could, under no circumstances, have jurisdiction, a motion to dismiss might be entertained. A motion to dismiss might have been made under the first, third, and fourth grounds stated in said motion, and a demurrer might have been interposed on the first, second, and fifth grounds stated therein. We are of the opinion, however, that if the sufficiency of the information is challenged, and the grounds of such insufficiency are intelligibly presented in writing, the court should hear and determine them. The name given to the writing containing the objections to the information is not material.

The second error assigned is that the court erred in sustaining defendant's motion to dismiss and set aside the information. The motion to dismiss goes to the jurisdiction of the court; the constitutionality of section 7459 of the Revised Statutes of 1887; and the sufficiency of the allegations of the information to constitute a cause of action for the removal of defendant from office under any law of this state.

This proceeding was instituted under section 7459 of the Revised Statutes of 1887, which provides as follows:

"Sec. 7459. When an information in writing verified by the oath of any person, is presented to a district court, alleging that any officer within the jurisdiction of the court has been guilty of charging and collecting illegal fees for services rendered or to be rendered in his office, or has refused or neglected to perform the official duties pertaining to his office, the court must cite the party charged to appear before the court at a time not more than ten nor less than five days from the time the information

was presented, and on that day, or some other subsequent day, not more than twenty days from that on which the information was presented, must proceed to hear, in a summary manner,. the information and evidence offered in support of the same,. and the answer and evidence offered by the party informed against; and if on such hearing it appears that the charge is sustained, the court must enter a decree that the party informed against be deprived of his office, and must enter a judgment for $500 in favor of the informer and such costs as are allowed in civil cases."

Said section is found in title 2, chapter 2, of the Revised Statutes. Said chapter is entitled, "Of the Removal of Civil Officers." If said section is constitutional, it confers jurisdiction on the district court to summarily hear and determine the matter; and, if it appears that the charge is sustained, the court must enter a decree depriving the delinquent of his office, and must enter judgment against him for $500, in favor of the informer, and also for such costs as are allowed in civil cases. We will first consider the constitutionality of said section.

The respondent contends that said section is unconstitutional and void because it provides for a penalty or money judgment for more than twenty dollars, without a right to trial by jury, and cites the United States constitution, amendment 7. Said amendment is not applicable in this case. And the case of *People v. Havird,* 2 Idaho, 513, 25 Pac. 294, has been dwelt upon with some earnestness by counsel for the respondent, as being decisive of this case. The case of *People v. Havird, supra,* was a contest between two claimants for the office of sheriff of Boise county, both claiming to have been elected at a regular biennial election held in said county. The action was brought under the provisions of an act of the legislature of the territory of Idaho passed in 1885, amendatory of the Code of Civil Procedure, in relation to usurpation of office. Section 536 of said amended code contained the following provision in reference to such actions: "And such action shall be heard and determined by the judge of the district court, of the district wherein such action is brought, at chambers, and without the intervention of a jury, after due service of the summons, and the expiration of the time allowed by law for answering the complaint in a civil

action." The supreme court of the territory declared the por-
tion of said section above quoted to be void, as being in conflict
with the provisions of section 1868 of the Revised Statutes of
the United States, and article 7 of the amendments to the con-
stitution of the United States. The distinction between that
case and one like that now under consideration was recognized
by the court which rendered the decision in *People v. Havird,
supra*. In commenting upon a case cited by the appellant in
the latter case, the court uses the following language: "A Louis-
iana case (*Joseph v. Bidwell*, 28 La. Ann. 382, 26 Am. Rep.
102),holds that the federal constitution, in that respect, can have
no application to the state courts. Perhaps, as Louisiana is a
sovereign state, that claim may be sustained, but we are not
called upon to discuss that question. Idaho is not a state, but
is a territory of the United States, and in all things subject to
the constitution of the United States and the laws of Congress."
That the provisions of the federal constitution relative to trials
by jury have no application to state courts is a question no
longer open to discussion. The distinction between a law such as
the case of *People v. Havird, supra*, arose under, and that under
which the proceedings in the case at bar were instituted, must,
it seems to us, be apparent at a glance. One is an action for
the protection of the personal rights of the individual. The
other is an act of public policy, to protect the people from the
acts of corrupt, incompetent, or negligent officials. One is to
place in official position the person lawfully entitled thereto.
The other, to remove from official position one whom the law
says, by his acts, has rendered himself unfit to hold such posi-
tion. (*Snowball v. People*, 147 Ill. 260, 35 N. E. 538; *Woods
v. Varnum*, 85 Cal. 639, 24 Pac. 843.) The suggestion of coun-
sel that section 20, article 21, of the constitution of Idaho, im-
poses upon this state all the provisions of the federal constitu-
tion, we cannot entertain.

It is urged that the constitution makes no provisions for any
such proceedings as are attempted in this case. The constitu-
tion makes provisions for the removal of state officers by im-
peachment, and leaves the proceedings for the removal of other
civil officers to be provided for by the legislature. The power
of the legislative department to act upon all proper subjects of

legislation is plenary, subject only to constitutional restraints. The state constitution, when applied to the law-making department, is not a grant of power, but is an instrument of restriction and limitation upon powers already plenary, so far as it affects the powers of government, and the object of legislation. We find no limitation in the constitution prohibiting the legislature from providing summary proceedings for the removal of unfaithful county officers. This state, during its territorial existence, adopted said section 7459 from the statutes of California; and there are a number of decisions from the supreme court of that state which hold, directly and indirectly, that the legislature has the power to provide the tribunal and method of procedure before and by which delinquent county officials might be summarily tried and removed from office for certain misdemeanors (*In re Marks*, 45 Cal. 199; *Triplett v. Munter*, 50 Cal. 644; *Smith v. Ling*, 68 Cal. 324, 9 Pac. 171; *Fraser v. Alexander*, 75 Cal. 147, 16 Pac. 757; *Woods v. Varnum*, 83 Cal. 46, 23 Pac. 137; *In re Stow*, 98 Cal. 587, 33 Pac. 490; *Crossman v. Lesher*, 97 Cal. 383, 32 Pac. 449; *Woods v. Varnum*, 85 Cal. 639, 24 Pac. 843); also, that such tribunal, without the intervention of a jury, might enter judgment in favor of the informant, against such delinquent, for the sum of $500. (*Woods v. Varnum, supra.*) It is true that article 4, section 19, of the constitution of California provides that certain civil officers should "be tried for misdemeanors in office in such manner as the legislature may provide." But that section conferred no power on the legislature that it would not have possessed without it, as a state constitution is not a grant of power to the legislative department of the state, but a prohibition upon plenary powers, so far as rightful subjects of legislation are concerned. The constitution of Michigan contains, substantially, the same provision as the constitution of California, above quoted; and in the case of *Fuller v. Ellis*, 98 Mich. 96, 57 N. W. 33, the supreme court of Michigan, speaking through Chief Justice Hooker, says: "It is no new doctrine that the exigencies of government require prompt removal of incompetent or unfaithful officers, and we cannot discredit the intelligence of the framers of the constitution, by supposing them ignorant or negligent of it. As shown, they intelligently covered the subject as to

constitutional officers; and may we not properly assume that they understood that the legislature had full power, under established and well-settled rules, to deal with others?" This quotation applies very pointedly to the case at bar, and the whole opinion is a very instructive one upon the questions involved in this case. The principle applicable to the case at bar is clearly laid down in *Ex parte Wall*, 107 U. S. 265, 2 Sup. Ct. Rep. 569, wherein it is held that the proceeding to strike an attorney from the roll is one within the jurisdiction of the court of which he is an attorney, and does not violate the constitutional provision which requires an indictment and trial by jury in criminal cases; that it is not a criminal proceeding, and not intended for punishment, but to protect the court from official ministration of persons unfit to practice as attorneys therein; and that such a proceeding is not an invasion of the constitutional provision which provides that no person shall be deprived of life, liberty, or property without due process of law, but that the proceeding itself, when instituted in proper cases, is due process of law. The proceeding under section 7459 is for the protection of the people from the misconduct of unfaithful officials, and is due process of law, when properly instituted. Said section 7459 is not in conflict with any provision of the constitution, and confers jurisdiction on the district court to summarily hear and determine the cases provided for by said section; and said court has jurisdiction to remove the delinquent and enter judgment against him, in favor of the informer, for the sum stated in said section, upon proof that the official so charged is guilty of any of the misconduct mentioned in said section, and alleged in the information.

It is urged that the information does not accuse the defendant of charging and collecting illegal fees for services rendered, or to be rendered, in his said office. If it does not, we are at a loss to know how such an accusation could be made. The information accuses defendant with having charged and collected, as county commissioner, pay for ninety-six days' service as such commissioner during the first quarter of the year 1893, when in fact he had rendered not to exceed seventeen days' service; and it also accuses him of having charged and collected mileage for four hundred and thirty miles' travel. when in fact he had not

traveled any number of miles whatever. It also alleges that he charged and collected forty cents per mile for said travel, when in fact the law allowed only twenty cents. The allegations of the information are very pointed and specific, and fully advise the defendant of the charges against him, and accuse him of being guilty of charging and collecting illegal fees for services rendered, or pretended to have been rendered, in his said office, and come clearly within the provision of said section 7459. The contention that said accusation does not come within the provisions of said section because it alleges the fees were collected for services not rendered or performed, and because said fees were voluntarily allowed by said board, is too frivolous to deserve the serious attention of the court. The judgment of the court below is reversed, with direction to said court to proceed, and hear and determine this matter, in conformity with the provisions of said section 7459.

Huston, C. J., and Morgan, J., concur.

ON REHEARING.
(March 1, 1894.)

HUSTON, C. J.—The first proposition of counsel, in the petition for a rehearing is that section 7459 of the Revised Statutes of Idaho is repugnant to the constitution of the United States, in that it provides for a penalty or money judgment for more than twenty dollars without the right of trial by jury; said section, having been enacted while Idaho was a territory, was, for said reason, void *ab initio;* and, being so, the provision of our state constitution continuing in force all existing laws of the territory not repugnant to the state constitution could not give validity to said section 7459. The answer to this proposition is, said section 7459 was not repugnant to any provision of the federal constitution at the time it was enacted by the territorial legislature. The protection of the public from the acts of corrupt or incompetent officials was a "rightful subject of legislation," and, being so, was clearly within the powers conferred upon the legislature by the organic act. It was a power which has been recognized and acted upon by most of the states of the Union. To say that the legislature had the power to evict one from an office to which he had been legally elected or

appointed, on account of malfeasance in office, but could not impose upon the delinquent the costs of the proceedings, or a penalty, is equivalent to saying that a court may punish a person for contempt, by causing him to be removed from the presence of the court, but cannot inflict upon the offender either fine or imprisonment. The case does not come within the provisions of section 1868 of the Revised Statutes of the United States, in that it is not "a case cognizable at common law." There is no civil action for the recovery of a penalty interwoven with the proceedings provided for by section 7459. No discretion is given to the court to fix or impose a fine or penalty. The language is: "And if on such hearing it appears that the charge is sustained, the court must enter a decree that the party informed against be deprived of his office, and must enter a judgment for five hundred dollars in favor of the informer and such costs as are allowed in civil cases."

It being conceded that section 7459, in so far as it provides for the removal from office of the delinquent, is not obnoxious to the constitutional objections urged, but that the legislature, in providing for the entry of a judgment for $500 in favor of the informer, without interposition of a jury, exceeded their powers, now let us see where the contention of counsel would lead us. The court has entertained the complaint, the proofs pro and con have been heard, and the court has decided that a case has been made under the provisions of the statute. Now, where does the function of the jury come in? What are they to try? The court has passed upon all the facts, and properly so, it is conceded. What question is left for the jury to try? Is it the amount of the judgment to be entered against the delinquent official? That has been fixed by the statute, and neither the court nor the jury have or could have any discretion therein. If the legislature had power to authorize the court to hear and determine the facts without the interposition of a jury, can it be consistently contended that they had no power to authorize the court to enter such judgment as the legislature prescribes? The right of the legislature to provide for the summary removal of incompetent or unfaithful officers is no new doctrine; and such legislation is on lines distinct from that

which provides for punishment for extortion, or the right of recovery by the injured party of the sum wrongfully procured by an official through color of office.  It arises from the exigencies of government, and, if its enforcement is to be obstructed by all the delays and embarrassments incident to a jury trial, the aim and purpose of the law would be entirely defeated.  In thus holding, we believe we are carrying out the true intent and purpose of the law, which is to protect the people from the rapacity of unscrupulous officials, or the injury arising from the incompetence of those in official position.  The whole subject of county government, the designating of county, township, and district officers (except justices of the peace and general officers of the militia), and the providing for their appointment or election, was, by the organic act of the territory left with the governor and legislative assembly; and a recognized incident of the power thus granted was the authority to provide for the removal of unworthy and incompetent persons from such offices, and this power could only be effectually exercised, to the accomplishment of the proposed end, by summary proceedings.  We have examined with studious care the authorities cited by counsel, but are unable to find therein anything which constrains us to a different conclusion from that announced in the decision heretofore rendered in this case.  The petition for a rehearing is denied.