(November 23, 1899.)

## HAYS v. SIMMONS.

[59 Pac. 182.]

REMOVAL OF PUBLIC OFFICER.—A proceeding for the removal of an officer under section 7459 of the Revised Statutes, is not required to be brought by indictment or information by the public prosecutor: *Rankin v. Jauman,* 4 Idaho, 53, 394, 36 Pac. 503, 39 Pac. 111, affirmed.

(Syllabus by the court.)

APPEAL from District Court, Shoshone County

Patrick Reddy, F. C. Robertson and Jones & Morphy, for Appellant.

Section 7459 is essentially penal, and provides for a criminal proceeding. (*Fitch v. Board of Supervisors etc.,* 122 Cal. 285, 54 Pac. 901.) In the case of *Kilburn v. Law,* 111 Cal. 237, 43

Pac. 615, the supreme court of California, without a dissenting voice, held distinctly that proceedings under section 772 of the Penal Code of California, which is identical with section 7459 of the Penal Code of Idaho, was a penal statute, and the proceedings thereunder were of a criminal nature. Section 8, article 1 of the constitution of Idaho reads as follows: "No person shall be held to answer for any felony or criminal offense of any grade unless on presentment or indictment of a grand jury, or on information of the public prosecutor after a commitment by a magistrate, except in cases of impeachment." This is exclusive, and no other procedure is allowed for the punishment of crime in this state, and it is directly contrary to the procedure prescribed in section 7459. Whether a crime was committed and what court had jurisdiction, or under what provision of the Penal Code the proceedings were to be had, is to be determined from the facts alleged in the complaint, and not from the statement of the pleader. (*Rankin v. Jauman,* 4 Idaho, 53, 36 Pac. 503.) The complaint shows that the proceedings should have been under section 7445 of the Penal Code. (*Crossman v, Lesher,* 97 Cal. 382, 32 Pac. 449.) The section referred to contemplates and expressly requires that the information must be under oath, and must allege that the party charged has been guilty. If a public officer may be accused and assailed upon the information and belief of any person, he has no protection in the law. Allegations on information and belief are too ambiguous and uncertain to be made the basis of a charge against any person. (See *In re Hotchkiss,* 58 Cal. 39.)

J. H. Hawley, W. E. Borah and J. H. Forney, for Respondent.

A party need not be guilty of crime in order to lay a sufficient basis for his removal as a public officer. His offense may consist of nothing more than a failure to perform the duties of the office; still he may be removed. On the other hand, his conduct may be such as to constitute crime, such as extortion, and for this he may be removed and also convicted of a crime and sent to the penitentiary, or he may be removed

and not prosecuted at all. The object, therefore, of the statute is simply to rid the public of incompetent and unfaithful officers. But it seems to us that every feature of this question has been settled, not only by the decisions in California, but by the decision of our own supreme court. Since the adoption of the constitution this statute has been before the supreme court, and the supreme court has held it constitutional, and has passed expressly upon the particular point raised by the appellants' brief. (*Rankin v. Jauman*, 4 Idaho, 53, 36 Pac. 503; *Rankin v. Jauman*, 4 Idaho, 394, 39 Pac. 1111.) This same statute has long been upon the statute books of California, and repeatedly upheld and construed, but at all times adversely to the views of the learned counsel for appellants. (*In re Marks*, 45 Cal. 199; *Triplett v. Munter*, 50 Cal. 644; *Smith v. Ling*, 68 Cal. 324, 9 Pac. 171; *Fraser v. Alexander*, 75 Cal. 147, 16 Pac. 757; *Woods v. Varnum*, 83 Cal. 46, 23 Pac. 137; *In re Stow*, 98 Cal. 587, 33 Pac. 490; *Woods v. Varnum*, 85 Cal. 639, 24 Pac. 843; *Crossman v. Lesher*, 97 Cal. 383, 32 Pac. 449; *State v. Cannon*, 47 La. Ann. 278, 16 South. 672.) The charge under this section of the statute may be a written charge by private persons, and need not be by indictment or information in the name of the people. (*Woods v. Varnum*, 85 Cal. 639, 24 Pac. 843.)

Per CURIAM.—The principal contention upon which appellants seek a reversal is that the appellants were not prosecuted by indictment or information filed by the public prosecutor. This contention and all the other points raised by appellants in this appeal were considered and passed upon by this court in the case of *Rankin v. Jauman*, 4 Idaho, 53, 394, 36 Pac. 503, and 39 Pac. 1111. Upon authority of those cases the judgment of the district court in this case is affirmed, with costs to respondent.