(March 8, 1906.)

## C. E. CORKER, Appellant, v. JOHN PENCE, Respondent.

[85 Pac. 388.]

INFORMATION—REMOVAL FROM OFFICE—ALLEGATIONS ON INFORMATION OR BELIEF—CHARGING PART OF THE INFORMATION—CAUSES FOR REMOVAL—ILLEGAL FEES—NEGLECT TO PERFORM DUTY—EQUALIZATION OF ASSESSMENT — SANITARY RULES — ITEMIZED BILLS— VOUCHERS—BOARD—TRAVELING EXPENSES.

1. Under the provisions of section 7459 of the Revised Statutes, the allegations of the information should be made positively, when

the facts are of record and accessible, or within the personal knowledge of the informant; otherwise they may be made on information and belief.

2. Under the provisions of section 7459 of the Revised Statutes, the information is sufficient if it charges the defendant with knowingly, willfully and intentionally charging and collecting illegal fees, specifying them, or with knowingly, willfully and intentionally refusing to perform, or neglecting to perform, an official duty pertaining to his office, specifying such duty.

3. Under the provisions of said section there are but two offenses for which a defendant may be removed from office; the first is the charging and collecting illegal fees for services rendered or to be rendered in his office; and, second, neglecting to perform official duties pertaining to his office required by law.

4. County officers, for all other willful or corrupt misconduct in office, other than that mentioned in section 7459, may be removed under the provisions of section 7445 et seq., of the Revised Statutes.

5. Under the provisions of section 7459, a corrupt official may be prosecuted by a private person for the acts therein specified, while under the provisions of section 7445 the accusation must be by the prosecuting attorney, or presented by the grand jury for other willful or corrupt misconduct in office.

6. Where a board of equalization meets and proceeds to equalize the assessment of the property of the county, but fails to make such equalization and assessment in accordance with the views of others, and if they willfully and corruptly equalize such assessments, they cannot be removed from office under the provisions of said section 7459. The remedy is provided by the provisions of section 7445.

7. The allegation in an information that the board of county commissioners did not make ''necessary'' and ''proper'' rules and regulations to prevent the outbreak and spread of contagious and infectious diseases, is not a sufficient allegation that no rules or regulations in regard thereto had been made.

8. A failure to properly itemize a claim against the county is not a cause for the removal of an officer under the provisions of said section 7459.

9. An allowance of a claim against the county without its being accompanied by a proper voucher is not a cause for removal under the provisions of section 7459.

10. Under the provisions of an act approved March 14, 1901 (Sess. Laws 1901, p. 227), which provides for the payment of actual and necessary expenses of certain county officers, is included the board of such officers when absent from their residences in the performance of the official duties of their several offices.

(Syllabus by the court.)

APPEAL from the District Court of the Fourth Judicial District for Elmore County.   Hon. Lyttleton Price, Judge.

Proceeding to remove a county commissioner under the provisions of section 7459 of the Revised Statutes.   Demurrer to complaint sustained by trial court.   *Affirmed.*

W. C. Howie, for Appellant.

Where a statute confers upon a body or officer a power for the public good or protection, or in which the public is interested, the exercise of that power is mandatory.   (20 Am. & Eng. Ency. of Law, 2d ed., 239-242; *Hays v. Simmons,* 6 Idaho, 651, 59 Pac. 182; *Miller v. Smith,* 7 Idaho, 204, 61 Pac. 824; *Rankin v. Jauman,* 4 Idaho, 394, 39 Pac. 1111; *Stewart v. Bole,* 61 Neb. 193, 85 N. W. 33; *Clyne v. Bingham Co.,* 7 Idaho, 75, 60 Pac. 76; *Ellis v. Bingham County,* 7 Idaho, 86, 60 Pac. 79.)   County officers have no right to charge their board as an expense while attending to official duties (*Stookey v. Board,* 6 Idaho, 542, 57 Pac. 312; *Reynolds v. Board,* 6 Idaho, 787, 59 Pac. 730; *Clyne v. Bingham Co.,* 7 Idaho, 75, 60 Pac. 76), and the act of 1901 does not give them that right.

E. M. Wolfe, Perky & Blaine and Morrison & Pence, for Respondent.

Section 7459 of the Revised Statutes is the sole basis of this action, and appellant must stand or fall upon the interpretation of that section.   Unless fraud or intentional misconduct is charged, no cause of action is stated.   (*Ponting v. Isaman,* 7 Idaho, 581, 65 Pac. 434; *Rankin v. Jauman,* 4 Idaho, 400, 39 Pac. 1111.)

The board of commissioners were acting in a judicial capacity, and were clothed with discretion.   (*People v. Goldtree,* 44 Cal. 323; *Hornblower v. Duden,* 35 Cal. 664.)

The court should be reluctant to interfere, for errors of judgment and slight reasons, with the will of the people as expressed at the ballot box in the election of county officers. (*Gorman v. County Commissioners,* 1 Idaho, 559.)

Absolute equality and strict justice are unattainable in tax proceedings. (Cooley's Constitutional Limitations, sec. 738.)

Powers of a board of health are to be liberally construed. (*Gregory v. New York,* 40 N. Y. 273; *Upjohns v. Board of Health,* 46 Mich. 542, 9 N. W. 845; 2 Am. & Eng. Ency of Law, 1st ed., 432.) The act of 1901, pages 226 and 227, provides for all "actual and necessary expenses." The purpose and intent of the legislature is the vital part of the law, and the primary rule of construction is to ascertain and give effect to that intent. (Sutherland on Statutory Construction, sec. 363.)

The allegations are upon information and belief. The informant in a matter of so much moment must be required to avail himself of all the facts at his command and allege positively upon them. (*First Nat. Bank v. Watts,* 7 Idaho, 510, 64 Pac. 223.) If an officer honestly enters upon the duties of his office, does the best he can but makes mistakes, he is not subject to removal from office and fine. (*Ponting v. Isaman,* 7 Idaho, 283, 62 Pac. 680, 65 Pac. 434; *In re Stow Park Commissioners,* 98 Cal. 587, 33 Pac. 490.)

SULLIVAN, J.—This action was brought under the provisions of section 7459 of the Revised Statutes, to remove the respondent from the office of county commissioner of Elmore county. Two separate causes of action are set out in the information. In the first cause, after alleging that appellant is a citizen and a taxpayer of the state of Idaho, and that respondent is one of the duly elected, qualified and acting county commissioners of said county, appellant alleges on information and belief that the respondent had "willfully, knowingly and intentionally failed, neglected and refused to perform the official duties pertaining to his office." Then follow eight specifications of instances in which it is alleged he has so failed. The first specification refers to his action in conjunction with the other members of the board of county commissioners acting as a board of equalization, and states two matters in which it is alleged he knowingly, willfully and intentionally failed to perform the duties of his

office: 1. That he failed, neglected and refused to equalize the taxes of said county for the year 1905; 2. That he failed, neglected and refused to enforce and compel an assessment of the property of said county at a fair cash value, but that he, in conjunction with the other members of said board, raised the valuation of the property of many of the taxpayers of the county to more than its fair cash value and to more than other property of the county of equal value, and more in proportion than other property of the county, and failed to raise others to their fair cash value, or to the same as other property of equal value, or to the same in proportion as other property of the county, and then particularly sets out the original assessments and the actions of respondent, acting and voting with the other members of the said·board in regard to the lots in the original townsite of Mountainhome and Glenn's Ferry, and also two instances of contiguous ranch lands, with allegations of the nature of the said lots and the relative values thereof, and further alleges that the remainder of the lands of said county were as unequally assessed as those given, but alleges his inability at that time to give detailed facts of the same, and, by way of illustration of the matters alleged, attached copies of the plats of the said towns.

The second specification is that respondent failed to organize a board of health, and failed to make or establish any rules or regulations necessary and proper to prevent the spread of contagious or infectious diseases, and that there had repeatedly been cases of smallpox in the county requiring such rules and regulations.

The third specification alleges that there were several cases of smallpox at three different specified times and places in said county during respondent's term of office, their liability to spread and become epidemic, and that it was necessary that said cases be quarantined, and that in each case he failed to quarantine the case or to take any other legal steps to prevent the spread of such disease.

The remaining five specifications relate to the illegal allowance of bills, and ordering county warrants issued in payment thereof.

Specification 4 alleges that respondent allowed eight bills, amounting to $362.45, for services and supplies in relation to smallpox patients, and that none of such claims were legal charges against the county, for the reason that they had not been authorized by any board or person having authority in the matter, and that they failed to perform their official duty in not rejecting and disallowing said claims.

Specifications 5, 6, 7 and 8 allege the allowance of various bills of county offices which were neither itemized nor accompanied by vouchers, alleging that he failed to perform the duties of his office in not rejecting said claims or in not requiring vouchers to be furnished therewith.

The second cause of action, after the formal allegations, alleges on information and belief that respondent has willfully, knowingly and intentionally been guilty of charging and collecting illegal fees for services rendered in his office in the following particulars, to wit: 1. That he did knowingly, willfully and intentionally present to the board of county commissioners of said county at their July, 1905, meeting, a claim for board while acting as a member of such board of commissioners, amounting to the sum of $6, which said claim was verified according to law, thereafter allowed by said board, and a county warrant ordered to be drawn and issued therefor to the respondent, and that respondent did knowingly, willfully and intentionally accept and receive said county warrant.   Then follows a prayer that a citation issue, and upon a return thereof the court proceed to consider this information and the evidence in support thereof, and that the judgment be entered depriving the respondent of his said office and in favor of appellant for the sum of $500 and costs, and such further relief as to the court shall seem proper.   To that information the respondent filed a demurrer on the following grounds:

"(1) That several causes of action have been improperly united, to wit: That such complainant informs against the defendant as a member of the board of equalization, and

in the same count alleges against him as a member of the board of county commissioners.

"(2) That the first cause of action in the said complaint is ambiguous, unintelligible and uncertain: 1. That it is ambiguous for the following reasons, to wit: (a) That it cannot be determined from paragraph 3 in the first cause of action whether informant alleges against the defendant as member of the board of county commissioners or as a member of the board of equalization; (b) It cannot be determined from subdivisions 2 and 4 of the complaint and from the complaint at all whether the allegations are made against the defendant as member of the board of county commissioners or as a board of health, or both or at all; (c) It is alleged that defendant refused to equalize the assessment of Elmore county and immediately following said allegations proceeds to set out in detail the action of the defendant in equalizing the said assessment; (d) It is alleged that defendant failed as a member of said board to compel an assessment of the said property set out in the complaint at its full cash value, and in the same paragraph alleges in detail the action of the defendant as a member of said board, the assessment at certain values therein set out. (3) That the second cause of action set out in plaintiff's complaint does not state facts sufficient to constitute a cause of action. Also, second, that the first cause in the said complaint does not state facts sufficient to constitute a cause of action."

A motion to strike was also interposed moving to strike out all of the specifications of the first cause of action as frivolous, for the reason that they were alleged on information and belief, and also to strike out all the specifications of the second cause of action on the grounds that the court had no jurisdiction of such matter, and that the charges could not be considered by the court; that if any cause of action existed it was under sections 7445 and 7447 of the Revised Statutes. The cause came on for hearing on said demurrer and motion and the court sustained both the demurrer and motion. Thereupon appellant refused to plead

further, and judgment of dismissal was entered. This appeal is from that judgment.

As the motion to strike and the demurrer are based largely on the same grounds, we will dispose of them both together. One of the points raised is that an information under the provisions of section 7459 of the Revised Statutes cannot be made on information or belief. That point appears in the case of *Hays v. Simmons*, 6 Idaho, 651, 59 Pac. 182, and the information in that case was based wholly on information and belief. If facts set forth in the information are matters of record and accessible, or within the personal knowledge of the informer, the allegations should be made positively, and not on information and belief; otherwise the allegations may be made on information and belief. The effect of most of the objections made by the motion and demurrer is that the information does not state facts sufficient to constitute a cause of action under the provisions of said section 7459, *supra*, which is as follows: "When an information in writing verified by the oath of any person is presented to a district court, alleging that an officer within the jurisdiction of the court has been guilty of charging and collecting illegal fees for services rendered or to be rendered in his office, or has refused or neglected to perform the official duties pertaining to his office, the court must cite the party charged to appear before the court at a time not more than ten nor less than five days from the time the information was presented, and on that day, or some other subsequent day, not more than twenty days from that on which the information was presented, must proceed to hear, in a summary manner, the information and evidence offered in support of the same and the answer and evidence offered by the party informed against; and if, on such hearing, it appears that the charge is sustained, the court must enter a decree that the party informed against be deprived of his office, and must enter a judgment for $500 in favor of the informer and such costs as are allowed in civil cases." The information must contain language sufficient to charge the defendant with being guilty of charging and collecting illegal fees for

services rendered or to be rendered in his office, or language sufficient to charge him with refusing or neglecting to perform official duties pertaining to his office. The information charges that the defendant "willfully, knowingly and intentionally failed, neglected and refused to perform the official duties pertaining to his office in the following particulars, to wit." Then follows a number of specifications of particulars. It is contended by counsel for respondents that under the provisions of said section the defendant must be charged with something more than "knowingly, willfully and intentionally" doing something, as doing a thing "knowingly, willfully and intentionally" does not imply guilt, and that said statute declares that the defendant must be guilty of doing the thing or things therein charged. There is nothing in that contention, for if an officer is accused of knowingly, willfully and intentionally charging and collecting an illegal fee, that clearly charges his guilt and his unfaithfulness in office, and if he is charged with knowingly, willfully and intentionally refusing to perform or neglecting to perform an official duty pertaining to his office, that is a sufficient allegation of unfaithfulness in office. The allegation "that the defendant knowingly, willfully and intentionally charged and collected illegal fees," must be followed by a specification of the particular fee claimed to be illegal, or if he is so charged with refusing or neglecting to perform an official duty, that particular official duty must be specified and alleged in the information. Such allegations convey the idea that the officer informed against is accused of having charged and collected illegal fees knowing them to be illegal, and is accused with refusal and neglect to perform official duties pertaining to his office. Under the provisions of said section there are only two things for which a defendant may be prosecuted and removed from office. The first is charging and collecting illegal fees for services rendered or to be rendered in his office; and, second, neglect to perform official duties pertaining to his office. Proceedings for removal for the causes therein mentioned may be initiated by a private person. No proceedings can be maintained against an officer for any other kind of misconduct in office than the

two kinds mentioned therein under the provisions of said section. The proceedings for the removal of officers for all other willful or corrupt misconduct are provided by section 7445, et seq., of the Revised Statutes, and the accusation must be by the prosecuting attorney, or presented by the grand jury.

Certain allegations of refusal or neglect to perform official duty are in regard to the failure of the defendant acting as a member of the board of equalization, in that said board neglected to equalize the assessment of the property of the said county, and particularly of the property in the towns of Mountainhome and Glenn's Ferry, and *that* board is also charged with having failed and neglected to enforce and compel an assessment of the property within their county at its fair cash value. Numerous instances are set forth in the information wherein it is alleged they failed to equalize the assessment of the property in said county and where they failed to assess such property at its fair cash value. It is also shown that the board of equalization did meet as such board and undertook to equalize the assessments, and if the allegations in the information are true, which for the purposes of this appeal must be taken as true, they show that such assessments and equalizations were not such as were contemplated by the law. While absolute equality and justice are unattainable in the equalization of assessments and in the assessment of property, the allegations would indicate that the board came about as far from equalizing assessments and assessing the property of their county at its fair cash value as could have been done. But the allegations show that the board of equalization did meet and act. That being true, they did not neglect or refuse to act as such board. If they acted corruptly in the equalization of assessments, they could not be removed from office under the provisions of section 7459. The provisions of section 7445 were intended to meet that class of misconduct.

The defendant is accused of knowingly, intentionally and willfully, as a member of the board of commissioners, neglect-

ing and refusing to make or establish for Elmore county sanitary rules and regulations to prevent the spread of contagious or infectious diseases. Section 1151 of the Revised Statutes, as amended by Session Laws of 1903, page 365, provides that the board of health must make such sanitary rules and regulations ''as they may deem necessary and proper to prevent the outbreak and spread of dangerous, contagious and infectious diseases.'' It has been held that the powers of boards of health as imposed by statute are to be liberally construed, and it is not alleged or shown but what the board of health that preceded the present board had established rules and regulations. And the board of which respondent is a member, in all probability, continued to act under the former rules and regulations established by the predecessor board. The board of health is a continuing body and its rules and regulations continue until supplanted by new ones, and in the absence of any allegation that no rules had been adopted by the predecessor board, the presumption is that such board had adopted rules and regulations, and that the present board had continued to operate under them.

It is alleged that the board failed to organize a board of health. Under the provisions of section 1150 of the Revised Statutes, as amended by the laws of 1903, page 364, the board of county commissioners are required to appoint an experienced and skillful physician, and that such physician, together with the board of county commissioners, constitute the board of health, and such board continues until their successors are appointed and qualified. That completes the organization.

It is alleged that said board refused to make or establish any sanitary rules and regulations necessary and proper to prevent the outbreak or spread of contagious, etc., diseases. That allegation would clearly indicate that some rules or regulations had been made for that purpose, and that the informant did not deem them ''necessary'' and ''proper'' to prevent the outbreak or spread of such diseases, or that such rules did not meet the approval of the informer. The allegations on this point are not sufficient, and do not state a

cause of action against respondent under the provisions of said section 7459.

The remaining specifications of the information relate to the action of the respondent in connection with the other members of the board of county commissioners in allowing certain bills to himself and other persons. It is alleged that certain bills were allowed which were "not properly itemized and were not accompanied by any vouchers." And it is contended that as the law requires bills to be itemized and vouchers furnished therewith, the defendant had failed and neglected to disallow said bills and thus violated his official duty. The provisions of section 773 of the Revised Statutes provide that the commissioners must not hear or consider any claim in favor of an individual against the county, unless upon an account properly made out, giving all the items of the claim, etc. Now, under that section an allegation that a claim was not "properly" itemized is not sufficient. It is not sufficient to show that the bills did not give "all items of the claim." It is also alleged that proper vouchers did not accompany said bills or claims, such vouchers as are required by the provisions of section 1763 of the Revised Statutes, as amended by Session Laws of 1899, page 405. The failure to properly itemize a claim or to furnish vouchers therewith is not a cause for the removal of an officer under the provisions of said section 7459. It is not a neglect or refusal to perform an official duty under the provisions of said section. It is not a charging or collecting of illegal fees for services rendered or to be rendered. Corrupt or willful allowance of illegal claims by the county commissioners may be reached by proceedings under section 7445 or by appeal, but not by proceedings under the provisions of section 7459.

In the second cause of action the informer alleges the collection of illegal fees by the respondent, in that he presented a claim for $6 for board while attending meetings of the board. In *Stookey v. Board*, 6 Idaho, 542, 57 Pac. 312, *Reynolds v. Board*, 6 Idaho, 787, 59 Pac. 730, *Clyne v. Bingham County*, 7 Idaho, 75, 60 Pac. 76, this court held that an officer was not entitled to compensation for his board. In 1901, after the

above cases had been decided by this court, the legislature by an act approved March 14, 1901 (Sess. Laws 1901, p. 227), defines "actual and necessary expenses." and includes therein all traveling expenses incurred by any county officer when absent from his residence in the performance of duties of his office. This was clearly intended to allow to the officers their board when absent from their residence in the performance of the duties of their office. That being true, the board was authorized to allow the respondent his claim for board when absent from his residence in the performance of his official duties. It is clear to the court that if the respondent is liable to removal from office under any of the charges made in the information, he must be proceeded against under the provisions of section 7445, and not under the provisions of section 7459.

The views herein expressed in no wise conflict with the conclusions reached in *Rankin v. Jauman,* 4 Idaho, 53 and 394, 36 Pac. 502, 39 Pac. 1111, *Hays v. Simmons,* 6 Idaho, 651, 59 Pac. 182, *Miller v. Smith,* 7 Idaho, 204, 61 Pac. 824, or *Ponting v. Isaman;* 7 Idaho, 581, 65 Pac. 434. The judgment of the trial court is affirmed, with costs in favor of respondent.

Stockslager, C. J., and Ailshie, J., concur.