(May 22, 1915.)

RALPH A. COLLMAN, Appellant, v. KLEIN WANA-MAKER, Member of the Board of Trustees of the Village of Hope, a Municipal Corporation, Respondent.

[149 Pac. 292.]

APPEAL—MOTION TO DISMISS—MUNICIPAL OFFICERS—REMOVAL OF—INFORMATION — DEMURRER — STATUTORY CONSTRUCTION — ILLEGAL FEES—OFFICIAL DUTIES—NEGLECT TO PERFORM.

1. Attorneys must comply with the rules of this court in the service and filing of their briefs, and in case more time is required than the rules allow for serving such briefs, application should be made for an extension of time before the time given has expired.

2. Under the provisions of sec. 7459, Rev. Codes, providing summary proceedings for the removal of certain officers, there are only two offenses for which an action to remove a defendant may be prosecuted, to wit: (1) For charging and collecting illegal fees for services rendered or to be rendered in his office; (2) Where the officer has refused or neglected to perform the official duties pertaining to his office.

3. *Held,* that an information that charges a village officer with having sold certain merchandise to his village and collected pay therefor from the village does not charge the defendant with any offense for which he may be removed, under the provisions of said sec. 7459.

4. The word "fees" as used in said section means a reward for personal services performed or to be performed; it designates the sum prescribed by law as charges for services rendered by public officers.

5. The illegal selling of property to a municipality by an officer thereof and collecting pay therefor is not the collection of an illegal *fee* as contemplated by the provisions of said sec. 7459.

6. The case of *Robinson v. Huffaker*, 23 Ida. 173, 129 Pac. 334, cited and modified.

7. Under the provisions of sec. 255, Rev. Codes, municipal as well as other officers are prohibited from being interested in any contract made by them in their official capacity with their municipality.

8. It is not charged in the information that the defendant failed or neglected to perform an official duty, but it is charged that he did act and allow illegal claims; hence the charge does not come within the purview of said sec. 7459.

9. *Held*, that the information does not charge the defendant with any act for which he may be removed from office, under the provisions of sec. 7459, and that the court did not err in sustaining the demurrer to the information and dismissing the proceeding.

APPEAL from the District Court of the Eighth Judicial District for Bonner County. Hon. John M. Flynn, Judge.

Action to remove a village trustee under the provisions of sec. 7459, Rev. Codes. Judgment for defendant. *Affirmed.*

O. C. Granger, Peter Johnson and G. H. Martin, for Appellant.

The Utah court, under an identical statute, has held that any officer (except those who, under the constitution, can be removed only by impeachment) may be removed under the provisions of said section identical with sec. 7459. (*Skeen v. Craig*, 31 Utah, 20, 86 Pac. 487.)

The sales of merchandise and supplies to the village by the defendant were void acts. The statutes of this state have been adopted with the idea of prohibiting public officers from being interested directly or indirectly in any contract with the municipality which they represent. (*Stookey v. Commrs.*, 6 Ida. 542, 57 Pac. 312.)

Our legislature has seen fit to enact several classes of statutes relating to officials of different municipal corporations. (Rev. Codes, sec. 625; *Nuckols v. Lyle*, 8 Ida. 589, 70 Pac. 401; *Independent School Dist. v. Collins*, 15 Ida. 535, 128 Am. St. 76, 98 Pac. 857.)

With reference to county officials there are two statutes, one Rev. Codes, sec. 1959, relating solely to board of county commissioners, and the general statutes found in secs. 255, 256 and 257, and the attention of the court is especially directed to sec. 257. Under this section and sec. 1956 this court held that contracts for the sale of a letter-press and the rental of a barn to the county by a member of the board of county commissioners were illegal and void. (*Robinson v. Huffaker*, 23 Ida. 173, 129 Pac. 334.)

There is still another statute relating to the officers of cities and villages, namely, sec. 2279, Rev. Codes.

Under the first seventeen counts of the information in this case, there can be no doubt but that the defendant was guilty of charging and collecting from the village of Hope illegal fees within the meaning and intention of sec. 7459, Rev. Codes. (*Robinson v. Huffaker*, 23 Ida. 173–190, 129 Pac. 334; *Skeen v. Craig*, 31 Utah, 20, 86 Pac. 487.)

H. H. Taylor and E. W. Wheelan, for Respondent.

There are only two things for which a defendant can be prosecuted under sec. 7459.

"The first is charging and collecting an illegal fee for services rendered or to be rendered in his office, and, second, neglect to perform an official duty pertaining to his office." (*Corker v. Pence*, 12 Ida. 152, 85 Pac. 388.)

It certainly cannot be charged that the defendant failed or neglected to perform a duty. As a matter of fact, they did act and allow the claims. It was not neglect or refusal to perform an official duty, under the provisions of sec. 7459. (*Siebe v. Superior Court*, 114 Cal. 551, 46 Pac. 456; *State v. Norris*, 111 N. C. 652, 16 S. E. 2; 5 Words & Phrases, 4741.)

The organization of villages or towns was not authorized or recognized by the general laws of the state, at the time of the adoption of sec. 7445 to sec. 7458.

Villages did not exist by general laws at that time, and sec. 7459 was not made or intended to be applicable to the removal of village trustees or municipal officers. (*Brown v. Village of Grangeville*, 8 Ida. 784, 71 Pac. 151; *Hodges v.*

*Tucker,* 25 Ida. 563, 138 Pac. 1139; *Conwell v. Village 'of Culdesac,* 13 Ida. 575, 92 Pac. 535.)

The collection of illegal fees was not a wilful neglect of official duties. (*Skeen v. Paine,* 32 Utah, 295, 90 Pac. 440.) The statute under which this proceeding is brought is penal and should be strictly construed, and should not be enlarged to include any facts or circumstance or offense which is not clearly within its meaning. (*Askew v. Ebberts,* 22 Cal. 263; *Crossman v. Kenniston,* 97 Cal. 379, 32 Pac. 448; *Crossman v. Lesher,* 97 Cal. 382, 32 Pac. 449; *People v. Burnside,* 3 Lans. (N. Y.) 74; 23 Am. & Eng. Ency. Law, 445.)

SULLIVAN, C. J.—This proceeding was instituted under the provisions of sec. 7459, Rev. Codes, by filing a verified information in the district court, containing eighteen causes of action, charging the defendant, as a member of the board of trustees of the village of Hope, in the first seventeen thereof, with having illegally contracted with and sold to the said village of Hope certain merchandise of different kinds, and procured the board of trustees of said village to allow and pay his claims for the merchandise so sold. It is also charged in said information that at all times when such transactions occurred, the defendant was a member and chairman of the board of trustees of said village. In the eighteenth cause of action the defendant is charged with neglect and refusal to perform his official duties as a member and chairman of the board of trustees of said village, in that he participated in the allowance of said claims presented by him and voted for the allowance thereof as a member of said board, and as chairman of said board signed the warrants of said village, payable to his own order. All of said transactions except that mentioned in the seventeenth cause of action occurred during the terms of office of said defendant that had already expired when this proceeding was brought, but the transactions set forth in the seventeenth cause of action occurred during the defendant's present term of office.

A demurrer was interposed to each cause of action set forth in said information on a number of grounds, which

demurrer was sustained by the trial court on all of the grounds stated in the demurrer except as to the ground of uncertainty.

The plaintiff elected to stand upon his information and judgment of dismissal was thereupon entered on the 19th day of January, 1914. This appeal is from said judgment.

*In limine,* we are met with a motion to dismiss the appeal on the ground that the appellant failed to comply with the provisions of rules 45, 48 and 82 of this court, in that he did not serve his brief within fifteen days after the filing of the transcript and did not serve same until the 14th of November, 1914.

It appears from the record that the transcript in this case was filed on April 6, 1914, and no showing has been made that the time for serving the brief had been extended. Yet regardless of those facts, we are inclined to and do overrule the motion to dismiss since there are questions of a public nature involved in this case. However, the rules of this court are made for the guidance of attorneys, and the court expects them to comply with those rules in all matters. If an attorney requires more time than the rules allow for serving his brief, he must make application for an extension of time, under the rules, and thus proceed in an orderly way in the matter. The court expects attorneys to comply with the rules established by it, and in case they fail to do so, they jeopardize their clients' interests. The rules are made to be obeyed, not to be ignored and set at naught at the option of the attorney.

Counsel for appellant assign as error the action of the court in sustaining defendant's demurrer to each of said causes of action and rendering judgment of dismissal. The grounds of demurrer are substantially as follows:

1. That the facts stated are not sufficient to constitute a cause of action.

2. That the action is barred by the provisions of secs. 4054 and 4055, Rev. Codes.

3. That the acts complained of were committed prior to the beginning of the present term of office of the defendant, except as to the facts stated in the 17th cause of action.

4. Uncertainty in the allegations.

5. That the court had no jurisdiction of the person of the defendant or the subject of the action.

6. That in each cause of action there has been improperly united two separate and distinct causes of action, to wit: (1) The charging and receiving of illegal fees; (2) failure and neglect in the performance of official duties.

We will first consider the sufficiency of the allegations of the information to constitute a cause of action.

Said sec. 7459, Rev. Codes, is as follows:

"When an information in writing, verified by the oath of any person, is presented to a district court, alleging that any officer within the jurisdiction of the court has been guilty of charging or collecting illegal fees for services rendered or to be rendered in his office, or has refused or neglected to perform the official duties pertaining to his office, the court must cite the party charged to appear before the court at a time not more than ten nor less than five days from the time the information was presented, and on that day or some other subsequent day, not more than twenty days from that on which the information was presented, must proceed to hear, in a summary manner, the information and evidence offered in support of the same, and the answer and evidence offered by the party informed against; and if on such hearing it appears that the charge is sustained, the court must enter a decree that the party informed against be deprived of his office, and must enter a judgment for five hundred dollars in favor of the informer, and such costs as are allowed in civil cases."

The provisions of said section are highly penal in their nature and will not be extended to contain acts or omissions that do not come clearly within them. There are only two things for which an action to remove a defendant can be prosecuted under the provisions of said section, to wit: (1) The charging and collecting of illegal fees for services ren-

dered or to be rendered in his office; (2) refusing or neglecting to perform official duties pertaining to his office. And the penalty prescribed is deprivation of office and judgment of $500 in favor of the informer, and costs.

It was held by this court in *Corker v. Pence,* 12 Ida. 152, 85 Pac. 388, under the provisions of said section, that no proceedings can be maintained against an officer for any other kind of misconduct in office than the two kinds mentioned in said section.

The defendant is charged with selling to the village of Hope certain merchandise and receiving pay therefor from the village, and it is contended that this is receiving and collecting illegal fees. The word "fees," as used in said act, means a charge for services. "Fee," as defined by Webster, is a reward for services performed or to be performed, especially for personal services. The term "fees" is used to designate the sums prescribed by law as charges for services rendered by public officers. (3 Words & Phrases, p. 2713.) The language of said section is, "has been guilty of charging and collecting illegal fees for services rendered or to be rendered in his office." The "fees" referred to in said section are for services rendered or to be rendered, and not for merchandise sold to the municipality of which the person charged was an officer. Clearly, the illegal selling of property to a municipality is not the "collection of an illegal fee" as contemplated by the provisions of said section.

In *Robinson v. Huffaker,* 23 Ida. 173, 129 Pac. 334, this court held that certain contracts entered into by a county commissioner with his county were void under the statute. The evidence in that case discloses conduct on the part of the defendant strictly within the provisions of sec. 7459, and in addition thereto the sale of a book-press to the county, and the court evidently inadvertently fell into an error by holding that the sale of said book-press was the collection of an illegal fee. The court there cites sec. 255, Rev. Codes, which prohibits members of the legislature, state, county, city, district and precinct officers from being interested in any contract made by them in their official capacity, or by any body

or board of which they are members, with their municipality, and holds that the contract for the purchase of the book-press came within the provisions of the statute, it being the property of the defendant and he being a county commissioner. The court also cites secs. 1946 and 1956, Rev. Codes, which prohibit county officers from presenting any claim, except for services, against the county, and holds that the purchase of, and the payment for, said book-press was prohibited under the provisions of said sections. While the sale of said book-press was in violation of the statute, it clearly was not the "collection of an illegal fee for services rendered or to be rendered" by such officer.

In *Law v. Smith,* 34 Utah, 394, 98 Pac. 300, the supreme court of Utah had under consideration the claim of a sheriff, consisting of charges for railway fare and hotel expenses in taking convicts to the penitentiary, and said:

"Appellant further contends that, if respondent was not guilty under this section, he was guilty under section 4580, which, in substance, provides that when 'any officer . . . . has been guilty of knowingly, wilfully and corruptly charging and collecting illegal fees for services rendered or to be rendered in his office,' and that this constitutes a cause for removal from office. It seems to us that the proof as above outlined does not bring respondent's case within the provisions of sec. 4580. The items of expense set out in the charge cannot be construed as a charge for illegal fees for services rendered. The respondent made no claim for any services, but the claim was one for money paid out and expended by him in the discharge of an official duty, for which the law provided neither fees nor compensation other than the salary provided for him by sec. 2057, Comp. Laws 1907, and he did not attempt to make a charge for services by presenting the claim either against the state or Cache county." (See, also, as touching upon this question, *Skeen v. Paine,* 32 Utah, 295, 90 Pac. 440; *Crossman v. Lesher,* 97 Cal. 382, 32 Pac. 449.)

So in the case at bar, the claims of defendant presented against the village were not for fees for services, but for merchandise sold to the village.

We therefore hold that the sale of merchandise by a municipal officer to his municipality is not the "collection of illegal fees for services rendered or to be rendered by such officer."

It is next contended that the defendant has refused or neglected to perform the official duties pertaining to his office, in that he allowed said claims against his municipality and collected the same. The question presented is, do the acts there charged show that he has refused or neglected to perform any official duty pertaining to his office? He is there charged with doing certain acts, not with a refusal or neglect to perform some official duty pertaining to his office.

It was held in *People v. Burnside*, 3 Lans. (N. Y.) 74, that where a statute provided for the removal of certain officers in the event they should refuse or wilfully neglect to perform the duties of their office, the words should be construed to mean nonfeasance only, and it was held that an order removing them for misfeasance based on this provision of the act was improper, and the court said:

"The wilful neglect and refusal upon which the order was based was, that the commissioners had done an act in violation of their duty, and had been guilty of *misfeasance* in office, and was not upon the ground of a refusal to perform, or a wilful *nonfeasance*. . . . . In order to make out a case within the provisions of the section cited, there must be an absolute refusal or a wilful neglect to perform some duty imposed by the act. The statute evidently was not intended to punish the commissioners for positive acts done by them in violation of law, but for contumacy, in refusing to obey the mandate of the law, and for wilfully and unlawfully neglecting to do what was required by the plain terms and import of the statute."

It is not charged in the information, in the case at bar, that the defendant failed or neglected to perform an official duty, but it is charged that he did act and allow illegal claims, hence the charge does not come within the purview of said section, since it must be charged that the officer neglected or refused to perform certain of his official duties, naming them.

It was held by this court in *Corker v. Pence,* 12 Ida. 152,

85 Pac. 388, that proceedings for the removal of officers for all other wilful or corrupt misconduct, aside from the two mentioned in said sec. 7459, are provided for by sec. 7445 et seq., Rev. Codes; that the provisions of said sections of the statute were intended to meet all classes of misconduct except the two mentioned in said sec. 7459. The village in this case has its remedy against its officers who violated the law in making contracts with it.

We therefore conclude that the selling of merchandise by a municipal officer to his municipality and collecting pay therefor by allowing such claims against the city, and having warrants issued in payment of such claims, is not such misconduct as comes within the provisions of said sec. 7459, and that the judgment of the district court must be affirmed.

As this is decisive of this appeal, it will not be necessary for us to determine any other questions presented on this appeal.

Costs awarded to respondent.

Budge and Morgan, JJ., concur.