(May 22, 1915.)

RALPH A. COLLMAN, Appellant, v. A. W. GORDON, Member of the Board of Trustees and Treasurer of the Village of Hope, Idaho, Respondent.

[149 Pac. 294.]

This is a companion case to that of *Collman v. Wanamaker*, *ante*, p. 342, 149 Pac. 292, decided at this term of court, and on the authority of that case, the judgment is affirmed.

APPEAL from the District Court of the Eighth Judicial District, in and for Bonner County. Hon. John M. Flynn, Judge.

Proceedings under sec. 7459, Rev. Codes, for the removal of the defendant as a member of the board of trustees of the village of Hope. Judgment for defendant. *Affirmed.*

G. H. Martin, Peter Johnson and Orley C. Granger, for Appellant.

H. H. Taylor and E. W. Wheelan, for Respondent.

Counsel cite same authorities as in *Collman v. Wanamaker, ante,* p. 342.

SULLIVAN, C. J.—This proceeding was instituted under the provisions of sec. 7459, Rev. Codes, asking the removal of the defendant, Gordon, as a member of the board of trustees of the village of Hope, charging him with the collection of illegal fees, set forth in nine causes of action, all of which involve the sale by the defendant to the village of Hope of certain merchandise, and it is charged that the sale of such merchandise and collecting the pay therefor was collecting illegal fees under the provisions of said section of the statute. In the tenth cause of action it is charged that the defendant, as treasurer of the village of Hope, neglected and refused to perform his official duties by not voting against the allowance of the claims to himself and by receiving payment of the warrants drawn therefor.

To this information a demurrer was filed on substantially the same grounds as the demurrer to the information in the case of *Collman v. Wanamaker,* decided in this court at its May, 1915, term, and reported, *ante,* p. 342, 149 Pac. 292.

The trial court sustained the demurrer to the information on all the grounds mentioned therein except the ground of uncertainty, and the plaintiff having elected not to amend his information, the court entered a judgment of dismissal. The appeal is from that judgment.

The same questions are involved in this case that were involved in the case of *Collman v. Wanamaker, supra,* and it was submitted upon the same argument and briefs and was to follow the decision in that case.

Upon the authority of that case the judgment in the case at bar is affirmed, and costs of appeal awarded to the respondent.

Budge and Morgan, JJ., concur.