(December 31, 1915.)

GORDON DAUGHERTY, Appellant, v. JOHN G. NAGEL, as a Member of the Board of County Commissioners of Bonner County, Respondent.

[154 Pac. 375.]

SEC. 7459, REV. CODES—IN FORM CIVIL ACTION—IN SUBSTANCE AND EFFECT CRIMINAL PROCEEDING—MUNICIPAL OFFICERS—REMOVAL OF —OFFICIAL DUTIES—NEGLECT TO PERFORM—BOARD OF EQUALIZATION MEETING—ERROR IN MINUTES—ADMISSION OF EVIDENCE.

1. A proceeding under sec. 7459, Rev. Codes, providing for the removal of a public officer for collecting illegal fees for services rendered or to be rendered, or for refusal or neglect to perform the official duties pertaining to his office, while in form

Points Decided.

a civil action is, nevertheless, in substance and effect a criminal prosecution, coming within sec. 13, art. 1 of the constitution declaring that "No person shall be . . . . compelled in any criminal case to be a witness against himself"; and it was not the intention of the legislature in enacting sec. 1 of Senate Bill 28, Sess. Laws 1909, p. 334, to compel a defendant, in an action brought by a private citizen for defendant's removal from office for refusal or neglect to perform the official duties pertaining to his office and to obtain a judgment as a penalty in the sum of $500 for the informer, to become a witness against himself.

[As to liability of public officers for corrupt conduct, see note in 40 Am. St. 713.]

2. Where, under sec. 7459, Rev. Codes, authorizing the district court to entertain an information verified by the oath of any person against an officer within its jurisdiction charging him with being guilty of charging and collecting illegal fees or with having refused or neglected to perform his official duties, an information charges that the defendant knowingly, intentionally and illegally performed the duties of his office, such allegations do not charge that the defendant refused to perform the duties of his office, but charge that he performed said duties; therefore it was not error for the trial court to strike out said allegations from the information, for the reason that the trial court would, under such allegations, be without jurisdiction, said defendant being subject to prosecution upon indictment by a grand jury or information of a county prosecuting attorney, as provided under secs. 7445–7457, Rev. Codes.

[As to exacting unauthorized fee as extortion, see note in Ann. Cas. 1913D, 453.]

3. Where, as a matter of fact, the defendant with the other two members of the board of county commissioners met as a board of equalization on the first Monday of July, 1913, as provided by law, and continued in session up to and including the fourth Monday of July, 1913, for the purpose of equalizing the assessment of all property entered upon the real property assessment-roll, and heard and determined all complaints in regard to the assessment of such property, and also examined the real property assessment-roll tract by tract, name by name, and the value of each item of property assessed, although the minutes of the meeting of said board of equalization through the inadvertence of the clerk recited that the board met as a board of county commissioners, when in truth and in fact they met as a board of equalization; *held,* that it was not error for the trial court to permit counsel for defendant upon cross-examination to establish the fact that said board met as a board of equalization.

4.  *Held,* from an examination of the entire record in this case, that the trial court did not err in granting respondent's motion for nonsuit, nor in refusing to grant appellant's motion for a new trial.

APPEAL from the District Court of the Eighth Judicial District for Bonner County. Hon. R. N. Dunn, Judge.

Action to remove county official under provisions of sec. 7459, Rev. Codes, Judgment for defendant. *Affirmed.*

F. A. McCall, O. C. Granger, Peter Johnson and Black & Wernette, for Appellant.

In the case of *Rankin v. Jauman,* 4 Ida. 53, 36 Pac. 502, which was an action similar to the one at bar, this court held that the proceeding was not a criminal proceeding and was not intended for punishment, but was intended to protect the people from corrupt officials. That case was later approved and commented upon in the case of *Ponting v. Isaman,* 7 Ida. 283, 62 Pac. 680.

Boards of county commissioners and boards of equalization, although composed of the same persons, are separate and distinct bodies with different duties and powers. (*General Custer Min. Co. v. Van Camp,* 2 Ida. 40, 3 Pac. 22; *Feltham v. Board of County Commrs.,* 10 Ida. 182, 77 Pac. 332.)

When they failed to meet on July 14th as a board of equalization pursuant to their adjournment on the 12th, their session as a board of equalization was terminated for that year. (*Gilbert v. Canyon County,* 14 Ida. 437, 94 Pac. 1029; *Marsh v. People,* 226 Ill. 464, 80 N. E. 1006; *Peterson v. First Nat. Bank,* 8 Kan. App. 508, 56 Pac. 146.)

H. H. Taylor, for Respondent.

A prosecution for removal of a public officer is a crime, and in contemplation of sec. 6309, Rev. Codes, and the procedure provided, it cannot be that the provisions of Senate Bill 28, 1909, Session Laws, were intended to permit the cross-examination of one who might be removed from office and assessed to pay $500 as a penalty. (*Thurston v. Clark,* 107

Cal. 285, 40 Pac. 435; *Boyd v. United States,* 116 U. S. 616,
6 Sup. Ct. 524, 29 L. ed. 746; *Lees v. United States,* 150 U. S.
476, 14 Sup. Ct. 163, 37 L. ed. 1150.)

The court did not err in granting defendant's motion to
strike out paragraph 8 of the information. That motion was
made upon the ground that the court did not have jurisdiction to try and hear the same under an information filed by
a private individual under sec. 7459, for the reason that the
offense, if any, was a misdemeanor, malfeasance in office and
could only be prosecuted under an indictment. (*Corker v.
Pence,* 12 Ida. 152, 85 Pac. 388; *Siebe v. Superior Court,* 114
Cal. 551, 46 Pac. 456; *Minkler v. State,* 14 Neb. 181, 15 N. W.
330.)

The law specifically requires the board to sit as a board
of equalization, and they could not adjourn if they had so
desired; they were physically present, and the writing of the
minutes of the clerk erroneously speaking of a board of commissioners would have no effect upon the actual facts.
(*Fowler v. Russell,* 45 Kan. 425, 25 Pac. 871; *Symns v. Graves,*
65 Kan. 628, 70 Pac. 591.)

"As long as the board had not terminated its session by an
adjournment *sine die,* or the session had not terminated by
operation of law, the mere fact that an adjournment was taken
to some future date would not operate as a termination of the
regular session." (*Gilbert v. Canyon County,* 14 Ida. 429,
94 Pac. 1027.)

The provisions of this section are for the general guidance
of the county commissioners and for their orderly procedure
and for the benefit of the public, and are not mandatory.
(*Buswell v. Board of Supervisors,* 116 Cal. 351, 48 Pac. 226.)

BUDGE, J.—This action was brought by appellant in the
district court of the eighth judicial district against respondent under sec. 7459, Rev. Codes, for the purpose of obtaining
respondent's removal from office as a member of the board of
county commissioners of Bonner county and for judgment in
the sum of $500 in favor of the informer as provided for in
that section.

The information sets forth two causes of action. A demurrer, however, was interposed to the first cause of action and by the trial court sustained, which action of the trial court is not involved in this appeal.

This cause was tried to the court without a jury upon the second cause of action. After appellant's testimony was introduced, counsel for respondent interposed a motion for nonsuit which was granted. Judgment was thereupon entered for respondent dismissing the second cause of action. Thereafter a motion for a new trial was made by appellant and by the trial court overruled. This is an appeal from the order of the trial court overruling appellant's motion for new trial.

There are fifty-seven errors assigned in appellant's brief. For the purpose of disposing of this appeal, however, we will consider only such as we deem necessary under three heads.

The first error assigned is based upon the action of the trial court in sustaining the objection made by counsel for respondent when respondent was called by appellant for cross-examination in pursuance of the provisions of sec. 1, Senate Bill 28, Sess. Laws 1909, p. 334.

From the record it appears that at the beginning of the taking of testimony appellant, for the purpose of making out his own case, called respondent as a witness; whereupon counsel for respondent objected to respondent's giving any testimony in support of the information upon the ground that the proceedings were brought under sec. 7459, Rev. Codes, providing for the removal of public officials, which proceeding is in its nature and effect a criminal action, coming within sec. 13, art. 1 of the constitution, which provides that "No person shall be . . . . compelled in any criminal case to be a witness against himself."

The trial court sustained the objection, and this action on the part of the court is fully supported by the supreme court of the United States in the case of *Boyd v. United States,* 116 U. S. 616, 6 Sup. Ct. 524, 29 L. ed. 746, and by the supreme court of California in the case of *Thurston v. Clark,* 107 Cal. 285, 40 Pac. 435. In the latter case the court aptly said: "Removal from office under the summary proceed-

ing provided for by section 772, *supra* [which is substantially identical with sec. 7459, Rev. Codes], is a punishment for wrongdoing by the class of officials designated in chapter 2 of title 2 of part 2 of such code. . . . . In all its essentials of cause and effect, the latter is a criminal proceeding, equally with the former. The proceeding is a nondescript, but resembling somewhat a *qui tam* action. But whatever its garb, it is in body and spirit, in its aim and object, a process for the punishment of crime. When the constitution declares that no person shall be compelled in any criminal case to be a witness against himself, it must be construed to apply to all cases in which the action prosecuted is not to establish, recover or redress private and civil rights, but to try and punish persons charged with the commission of public offenses. A criminal case is an action, suit or cause instituted to punish an infraction of the criminal laws, and, with this objection in view, it matters not in what form a statute may clothe it; it is still a criminal case, and the person charged therein is protected from being an enforced witness against himself by the aegis of the constitutions national and state.''

The second objection urged by appellant and assigned as error is the action of the trial court in striking out, on respondent's motion, paragraph 8 of the amended information which charges respondent as a member of the board of county commissioners of Bonner county, and while acting in conjunction with the other two members of the board and performing the duties and functions of a board of equalization, with having knowingly, intentionally and illegally and in violation of sec. 64, chapter 58, Laws of 1913, permitted assessments to stand whereby certain pieces of property were assessed at less than their full cash value.

It must be remembered that this proceeding was instituted under sec. 7459, *supra*. This section provides substantially that any officer within the jurisdiction of the district court who has been guilty of charging and collecting illegal fees for services rendered or to be rendered in his office, or has refused or neglected to perform the official duties pertaining to his office is subject to removal therefrom in a summary pro-

ceeding at the instigation of a private citizen in whose favor, in the event of the removal of the public official, a judgment shall be entered in the amount specified in the statute.

Respondent is not charged in said paragraph 8 with having refused or neglected to perform the official duties pertaining to his office, but he is charged with having knowingly, intentionally and illegally permitted assessments to stand whereby certain pieces of property were assessed at less than their full cash value. If this was done knowingly, wilfully and intentionally, it would constitute wilful and corrupt misconduct in office, and not a failure or neglect of official duty within the meaning of sec. 7459, *supra.* In other words, respondent, as charged, did not refuse to perform a duty; neither did he neglect to perform such duty; but he is charged with knowingly, intentionally and illegally performing said duty. He is not charged with failure to act, but with acting in an unlawful and corrupt manner. The charge is not nonfeasance, but malfeasance in office, and if it be true, respondent would be liable to prosecution under secs. 7445–7457, Rev. Codes.

Where an official is charged with knowingly, intentionally and illegally performing the duties of his office as a ground for his removal, his good faith or intention in doing the act with which he is charged is a matter upon which he is entitled to be heard in evidence, and the truth or falsity of such charge is for the jury and not for the arbitrary disposition by the court.

If the allegations in paragraph 8 of the amended information be true, respondent necessarily must, as heretofore stated, have performed—not refused to perform—his official duties, and together with the other members of the board of equalization passed upon the assessed property as it appeared upon the assessment-roll of real property of the county. Otherwise he could not have knowingly and intentionally permitted improper assessments to stand.

Had he refused to act at all in regard to this matter, he would clearly be subject to removal under the provisions of sec. 7459, *supra;* but having acted, if he knowingly, illegally

and corruptly acted, he would be subject to removal under secs. 7445–7457, *supra,* which, among other things, provide that "An accusation in writing against any district, county, precinct, or municipal officer, for wilful or corrupt misconduct in office, may be presented by the grand jury of the county for or in which the officer accused is elected or appointed"; that "the accusation must state the offense charged, in ordinary and concise language, and without repetition"; that "if the defendant pleads guilty, or refuses to answer the accusation, the court must render judgment of conviction against him. If he denies the matters charged, the court must immediately, or at such time as it may appoint, proceed to try the accusation"; and that "the trial must be by a jury, and conducted in all respects in the same manner as the trial of an indictment for a misdemeanor." Under sec. 7459, *supra,* a public official who is charged in the information of a private citizen with refusing or neglecting to perform the official duties pertaining to his office is not entitled to a jury trial. But a public officer who, while in the performance of his official duties, is charged with knowingly, intentionally and illegally performing those duties is entitled to a jury trial. His good faith and intention in doing the act with which he is charged are matters upon which he has the constitutional right to a trial by a jury.

Sec. 64, chapter 58, Sess. Laws 1913, should be construed *in pari materia* to secs. 7445–7457, *supra.* While it is true that sec. 64, chapter 58, *supra,* provides that "Any member of the board of county commissioners who knowingly permits any assessments to stand, or permits any alteration to be made in the assessment-roll, whereby any property is assessed at more or less than its full cash value, shall be guilty of a misdemeanor and of malfeasance in office, for which he may be removed from office in the manner provided by law for the summary removal of public officers from office," it does not provide for the imposition of a judgment in favor of the informer and against the official in the sum of $500; nor is it amendatory of sec. 7459, *supra.* For these reasons and in the absence of an express provision to that effect, we

are of the opinion that it was not the intention of the legislature to extend the provisions of sec. 7459 to include violations of sec. 64, chapter 58, *supra.*

The proceedings provided for under sec. 7459, Rev. Codes, are clearly restricted to cases where an officer is guilty of knowingly, wilfully and corruptly charging and collecting illegal fees for services rendered or to be rendered in his office, or of knowingly, wilfully or corruptly refusing or neglecting to perform the official duties pertaining to his office. (*Collman v. Wanamaker*, 27 Ida. 342, 149 Pac. 292; *Corker v. Pence*, 12 Ida. 152, 85 Pac. 388; *McRoberts v. Hoar, ante*, p. 163, 152 Pac. 1046.) And as neither of these offenses was charged against respondent in paragraph 8 of the amended information, the trial court did not err in striking out that paragraph.

In the case of *Siebe v. Superior Court*, 114 Cal. 551, 46 Pac. 456, the court had under consideration sec. 772 of the California Penal Code, which is practically identical with sec. 7459, Rev. Codes of Idaho, and in that case it was said: "Pen. Code, sec. 772, authorizing the superior court to entertain an accusation made under oath by a private citizen against an officer within its jurisdiction, charging him with having collected illegal fees, or with having refused or neglected to perform his official duties, does not confer jurisdiction to entertain such an accusation charging an assessor with having assessed certain property at a sum below its full value; such act, if corruptly done, being 'wilful and corrupt misconduct in office,' subjecting the officer to indictment, and, if not, being of a judicial nature, and one for which he is not amenable to the penal laws."

The third assignment of error complained of is based on the action of the trial court in granting respondent's motion for a nonsuit. It is contended by counsel for appellant that the evidence was sufficient to support the material allegations of the amended information as found in paragraphs 1 to 7, inclusive, of appellant's second cause of action, and that the court should have required respondent to introduce proof to establish his defense to those charges which, in substance,

are that the respondent knowingly, intentionally, wilfully and illegally, while acting with the other two members of the board of county commissioners of said Bonner county, failed and refused to meet, organize and remain in session as a board of equalization from day to day, from the first Monday in July, 1913, up to and including the fourth Monday in July, 1913, as required by law, for the purpose of equalizing assessment of all property entered upon the real property assessment-roll; failed to determine complaints in regard to the assessment of such property; failed to examine the real property assessment-roll, tract by tract, name by name and the value of each item of property; and knowingly and illegally permitted certain pieces of property to escape assessment.

On an examination of the entire record it clearly appears, we think, that respondent met with the other two members of the board of county commissioners as required by law, and thereafter organized as a board of equalization in pursuance of law; that they remained in session as a board of equalization during the entire time required by law; and that the adjournments and reconventions of the board from time to time were not illegal and did not vitiate their subsequent acts. It further appears that the deputy clerk of said board of county commissioners in preparing the minutes of the board inadvertently showed that they were sitting as a board of county commissioners, when in truth and in fact they were performing the duties of a board of equalization.

The trial court did not err in permitting counsel for respondent, upon cross-examination, to inquire into the facts as they really were. The respondent was not bound by what the record showed unless it stated the truth.

We have examined the entire record in this case and have failed to find any evidence in support of the material allegations of appellant's amended information, upon which this cause was tried, that would have justified the court in refusing to grant respondent's motion for nonsuit. Finding no error in the record, we have reached the conclusion that the trial

court was justified in refusing to grant appellant's motion for a new trial.

The judgment of the trial court is affirmed, with costs to respondent.

Sullivan, C. J., and Morgan, J., concur.