(March 20, 1917.)

# G. E. CORKER, Appellant, v. KITTIE S. COWEN, Respondent.

[164 Pac. 85.]

STATUTORY CONSTRUCTION—PUBLIC OFFICERS—IMPROPER PERFORMANCE OF DUTIES—PROCEEDINGS TO REMOVE—CAUSES FOR REMOVAL.

1.  Where, under sec. 7459, Rev. Codes, authorizing the district court to entertain an information verified by the oath of any person against an officer within its jurisdiction accusing him of charging and collecting illegal fees or with having refused or neglected to perform his official duties, an information charges that the defendant knowingly, wilfully and intentionally failed, neglected and refused to perform her duties, but the record shows that defendant performed her duties, such an information was properly dismissed by the district court.

2.  Where an information alleges that defendant knowingly, wilfully and intentionally charged and collected large sums of money for her services as clerk of a school board, in addition to the salary allowed her by law, but it appears that such sums of money were paid to her under a contract for services independent of her duties as said clerk, sec. 7459, Rev. Codes, does not apply.

3.  Sec. 7459, Rev. Codes, in so far as it relates to the performance of official duties, is not designed to cover acts of officers amounting to a misfeasance, and such acts are not within the purview of said section. The section is aimed at nonfeasances, that is, failures on the part of officers to act at all, where an act is required by law.

[As to removal of officers for cause, see note in 135 Am. St. 250.]

APPEAL from the District Court of the Fourth Judicial District, for Elmore County. Hon. Chas. O. Stockslager, Judge.

Action to remove school trustee under the provisions of sec. 7459, Rev. Codes, and to recover penalty. *Judgment for defendant affirmed.*

W. C. Howie, for Appellant, relies on brief in *Corker v. Ake.*

L. B. Green, K. I. Perky and Wyman & Wyman, for Respondent.

To believe that such charges can be brought under sec. 7459, Rev. Codes, is not to observe the difference between nonfeasance and misfeasance. (*Daugherty v. Nagel,* 28 Ida. 302, 154 Pac. 375; *Collman v. Gordon,* 27 Ida. 351, 149 Pac. 294; *Corker v. Pence,* 12 Ida. 152, 85 Pac. 388.)

The section of the statutes here invoked was intended to punish dishonest officials and those who refuse or neglect to perform their official duties. It was never intended as a means of harassing those who were honestly seeking to do their best. (*Ponting v. Isaman,* 7 Ida. 581, 65 Pac. 434; *Osborne v. Ravenscraft,* 5 Ida. 612, 51 Pac. 618.)

PER CURIAM.—This action was brought under sec. 7459, Rev. Codes, for the purpose of depriving respondent of her office as member and clerk of the board of school trustees of school district No. 6, of Elmore county, and obtaining a judgment of five hundred dollars against said respondent and in favor of appellant, the informer. Two separate causes of action are set out in the verified information which was filed by appellant on February 24, 1914.

The first cause of action, after setting out the respondent's election as a member and clerk of said board in 1909 and her continual service since that date, alleges that for the years ending July 1, 1912, and July 1, 1913, the respondent knowingly, wilfully and intentionally charged and collected from said school district large sums of money as compensation for her services as said clerk, in addition to the amount allowed her by law for the taking of the census of said school district.

The second cause of action, after alleging the election and service of the respondent as a member and clerk of the said board of school trustees, as above stated, proceeds to enumerate instances in which the respondent is alleged to have failed to perform the duties required of her by law. It is alleged that the respondent and one other, comprising a majority of said board, knowingly, wilfully and intentionally failed to make a report on the 1st day of July, 1912, and on the 1st

day of July, 1913, as required by sec. 61, c. 159, Sess. Laws, 1911, but made a pretended report, which was not properly itemized, contained many misstatements and made no reference to other sums due and owing to the said district; that she knowingly, wilfully and intentionally failed, neglected and refused to submit to competitive bids, as required by subd. g, sec. 58, c. 115, Sess. Laws 1913, certain construction and repair work of and pertaining to said school district; and that respondent, as clerk of said board, has failed, neglected and refused to keep the records and minutes of said board's proceedings as required by law.

Upon the strength of this information the court issued a citation to the respondent, who thereupon filed her answer, in effect denying all the allegations of said information. The cause came on regularly for trial before the court on March 10, 1914. A trial was thereupon had and the information was dismissed by the trial court, for the reason that the charges contained therein were not sustained by the evidence.

This is an appeal from the judgment of dismissal of said information. The appellant relies upon the following assignments of error, to wit:

"The court erred in his statement, which may be termed his findings, in not passing upon the question as to whether or not the defendant had charged and collected illegal fees for services rendered by her, in not finding as to whether or not she had let the contracts spoken of without calling for sealed bids, and whether or not she had failed to keep proper records as required by law.

"The court erred in not holding that the penalties of the law should be imposed upon the defendant, for her failure to comply with the law."

As to those matters referred to in the first paragraph of appellant's assignment of errors this court is without jurisdiction, for the reason that the errors there assigned have reference to the opinion of the trial court, which though incorporated into the record, is not properly a part thereof under sec. 4818, Rev. Codes, as amended by Sess. Laws 1911, p. 375, which specifies the contents of the record on appeal.

(*Graham v. Linehan,* 1 Ida. 780; *Williams v. Boise Basin Min. etc. Co.,* 11 Ida. 233, 81 Pac. 646; *Taylor v. McCormick,* 7 Ida. 524, 64 Pac. 239; *Stewart Mining Co. v. Ontario Mining Co.,* 23 Ida. 724, 132 Pac. 787; *Smith v. Faris Kesl Construction Co.,* 27 Ida. 407, 150 Pac. 25.) It is not within the province of this court on an appeal to question the soundness of the trial court's reasons in giving its decisions, for they cannot affect the judgment itself, however enlightening they may be to counsel contemplating an appeal. (*Pennsylvania Co. v. Versten,* 140 Ill. 637, 30 N. E. 540, 15 L. R. A. 798.)

Under appellant's second assignment of error, above quoted, we think may be considered the merits of this appeal. However, it is not the purpose of the court to discuss all of the details appearing in the record and raised by the briefs of counsel, for the reason that practically every vital issue raised on this appeal has been passed on previously by this court, in cases where the surrounding circumstances were very similar to the one at bar.

The statute in question in effect provides that any officer found "guilty of charging and collecting illegal fees for services rendered or to be rendered in his office, or [who] has refused or neglected to perform the official duties pertaining to his office," must be deprived of said office and a judgment of five hundred dollars entered against him and in favor of the informer. The object of this statute is to enable an individual, having the knowledge that an officer is using his official position as a medium of extortion and wrong, to oust said official; the provision for a judgment of five hundred dollars in favor of the informer being merely incidental to the main object. (*In re Smith v. Ling,* 68 Cal. 324, 9 Pac. 171.) Its provisions are penal and very severe. (*Miller v. Smith,* 7 Ida. 204, 61 Pac. 824; *Triplett v. Munter,* 50 Cal. 644; *Thurston v. Clark,* 107 Cal. 285, 40 Pac. 435; *Kilburn v. Law,* 111 Cal. 237, 43 Pac. 615.)

Under the charge of collection of illegal fees, the appellant alleges that respondent, in addition to her salary, annually received seventy-five dollars, under an agreement with the

school board. This was for making copies of the census report. It is claimed that this is an illegal contract and within the purview of the statute in question. This point has been decided by this court in the case of *McRoberts v. Hoar,* 28 Ida. 163, 152 Pac. 1046, where the court, though finding that a contract, somewhat similar to that alleged in the instant case, was void *ab initio,* yet held that such an illegal contract was not within the spirit of section 7459, Rev. Codes.

It is contended at some length that the respondent failed, neglected and refused to perform her official duties, in that she failed to make two annual reports, as required by law. But it is conceded that she did make the reports. Having done so there was not a failure, neglect or refusal upon her part to perform her official duties in this respect, although the reports may not have been technically correct, and therefore she would not be subject to removal from office or the payment of the penalty prescribed under the provisions of sec. 7459, *supra.* (*Corker v. Pence,* 12 Ida. 152, 85 Pac. 388.) In that case it was shown that the board of equalization had failed completely in assessing the property of their county at its fair cash value, but it was held that the fact that they had met and acted was sufficient to clear them of the accusations with which they were charged. The court also stated that if the parties had acted corruptly they would not be within the purview of sec. 7459, *supra,* but rather within sec. 7445, Rev. Codes.

While the wording of the information in the instant case follows the words of the statute very closely, and if the appellant had proven all that he alleged, the information no doubt would not have been dismissed, still without discussing separately the alleged wrongful actions of respondent in connection with other members of the board, namely, her failure and neglect to submit certain work done for and on behalf of the school district to competitive bids; the building of the temporary Reverse schoolhouse without submitting the construction thereof to competitive bids; and her alleged failure and neglect to keep proper records of the proceedings of said

school district and proper minutes of the meetings of said board; suffice it to say, the evidence offered in support of these various charges is not, in our opinion, sufficient to warrant us in reversing the judgment of the trial court. And even if true would not establish the charges made against respondent, namely, that she was guilty of charging and collecting illegal fees for services rendered or to be rendered in her office or that she refused to perform the official duties pertaining to her office. The acts complained of, if proven, would constitute, not a nonfeasance in office, but a misfeasance in office, and would not come within the provisions of sec. 7459, *supra*. (*Daugherty v. Nagel*, 28 Ida. 302, 154 Pac. 375; *Collman v. Gordon*, 27 Ida. 351, 149 Pac. 294.)

Judgment of the trial court is sustained. Costs awarded to respondent.